———o———

### No. 5501.

### WILLIAM GOMEZ vs. R. D. WILDE AND A. C. LANGHOFF.

#### Syllabus.

1. The defendants were not induced to act to their detriment by plaintiff's conduct; hence the basis for an equitable estoppel is lacking.

2. The description under which the tax sale was made was not merely insufficient and incorrect; it did not identify the property with that now claimed by plaintiff.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 71,728, Hon. F. D. King, Judge.

Emile Pomes, for plaintiff and appellee.

Dinkelspiel, Hart & Davey, for defendant and appellant.

P. G. Riddell, attorney.

His Honor HORACE L. DUFOUR, rendered the opinion and decree of the Court, as follows:

The plaintiff acquired certain lots of ground in this city by purchase from the Succession of St. Romes, at a

— 9 —

judicial sale in January, 1900, and has been in physical possession of the property continuously since. From that time to the present the property has been assessed in his name and he has paid all the taxes due thereon.

The purpose of this suit is to cancel as null and void tax sales made by the tax collector to Engelbach and Langhoff on the grounds that the assessments were erroneous and that the description of the property in the assessment and tax sale does not identify it with plaintiff's property.

According to the act of sale by the Succession of St. Romes to the plaintiff and to a plan of Pilie in the record the plaintiff's property consists of lots 1, 2, 3, and 4 in square No. 629, bounded by Laharpe, Villere, Columbus and Robertson Streets, measuring in the aggregate about 141 feet front on Laharpe Street.

The description in the tax deeds were under assessments in 1896 and 1899 and are:

> "A certain lot of ground in the third district of the City of New Orleans, designated as lot No. 14 in square No. 626, bounded by Laharpe, Columbus, Villere and Robertson Streets, measuring 96 feet front on Laharpe Street by 66 feet in depth."

The property conveyed by the tax deed is not the one in suit, and the discrepancy between the two descriptions is so great as to exclude the theory of any possible connection between the t wo.

It is not merely an insufficient and incorrect description, but one absolutely unidentifying and ineffective to oust plaintiff from the property claimed by him.

A plea of estoppel has been filed to the effect that the plaintiff having paid taxes under the description in the tax deed cannot now claim that it was insufficient to identify the property.

— 10 —

No copies of the assessment rolls were offered to prove this and the tax bills paid show the correct measurements according to plaintiff's deed.

But going a step further, we do not find that the defendants were induced to act to their detriment by plaintiff's conduct, and this is necessary in order to afford a basis for estoppel. We are not prepared to say that a payment made of a tax in 1900 and 1901 can cure an invalidity existing in 1896 and 1899, before the tax payer acquired it; had the payment preceded the tax sale, the result might have been different. **117 La., 6.**

The judgment cancelling the tax sale is correct.

Judgment affirmed.

Opinion and decree, June 2nd, 1913.

### Concurring Opinion.

By his Honor, JOHN ST. PAUL:

I concur for the reasons assigned and also for the additional reason, that although an assessment in the name of one not the owner, may be valid, yet, in that case the description should be such as to identify the property beyond question, and without recourse to the owner's title; in other words, such a description as cannot fail to put the owner himself, and especially those purchasing in good faith, on guard aganst the same.

### On Application for Rehearing.

Rehearing refused, June 26th, 1913.

Writ granted October 3, 1913. **(135 La., 204.)**