(112 So. 494)

No. 28066.

MUNSCH et al. v. BLOOM et al.

March 28, 1927. Rehearing Denied April 25, 1927.

*(Syllabus by Editorial Staff.)*

1. **Taxation**  &#9758;734(9)—Where officer, informed that deceased owner's family lived in adjoining parish, made no further effort to serve delinquent tax notice, sale based solely on published notice to unknown owners, held void (Act No. 170 of 1898, § 52).

Where officer, sent to serve notice of delinquent municipal taxes, on being informed that former owner was dead and family lived in adjoining parish, made no further effort to locate owners, tax sale thereunder was void, though tax collector published notice of delinquency in list of unknown owners as required by Act No. 170 of 1898, § 52; no other notice being given.

2. **Taxation**  &#9758;813—Owners having void tax sale annulled could recover rents collected by municipal authorities.

Municipal authorities, who collected rent from tenant after void tax sale, were required to return rents collected to owners in action to have sale annulled.

Appeal from Civil District Court, Parish of Orleans; M. M. Boatner, Judge.

Suit by Jacob Munsch and others against Joseph A. Bloom and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

William Winans Wall, of New Orleans, for appellants.

Louis R. Alba and D. V. Doussan, both of New Orleans, for appellees.

O'NIELL, C. J. The defendants have appealed from a judgment annulling a tax sale. The property in contest is the double cottage and lot at the corner of Tchoupitoulas and Joseph streets, and in the square bounded by Octavia street and Leake avenue, in New Orleans. The tax sale was made by the municipal authorities, on the 28th of September, 1923, for municipal taxes of 1922, assessed in the name of Frank Munsch. The reason for the judgment annulling the tax sale was that there was no notice of delinquency served upon the owners of the property.

[1] Frank Munsch died on the 11th of February, 1922, and his son and four daughters, being the five plaintiffs in this suit, inherited the house and lot, and were given possession by a judgment of court dated the 10th of November, 1924. The taxes for 1922 became delinquent before the succession of Frank Munsch was opened. The state tax collector sent a notice of delinquency by mail, which was received by the heirs of Frank Munsch, and they paid the state taxes for 1922. The officer who was sent by the city tax collector to serve the notice of delinquency went to the house and was informed by a tenant that Frank Munsch was

dead and that the family lived in Jefferson parish. The officer made no further attempt to locate the owners of the property, but told the tenant to tell them when they called to collect the rent that the property would be sold if the taxes were not paid. The officer then returned the notice of delinquency to the tax collector's office. The heirs of Munsch did not collect their rent personally, and were not informed that the municipal taxes were delinquent. The tax collector published the notice of delinquency in the list of "unknown owners," which was the only notice of delinquency given.

This suit was brought within the three years after the date of sale. There is therefore no plea of prescription or peremption of the right of action.

We agree with the judge of the civil district court that there was no serious attempt made by the tax collector, or the deputy intrusted with the duty, to serve the notice of delinquency. The fifty-second section of the Act 170 of 1898 directs the tax collector to publish one general notice, addressed to all unknown owners and nonresidents whose post office addresses are unknown; from which it may be inferred that a nonresident delinquent whose post office address is known is entitled to something more in the way of notice of delinquency than the general notice by publication in a newspaper, before his property can be sold for taxes. Be that as it may, the deputy intrusted with the notice of delinquency in this case was informed that Frank Munsch was dead, and that his heirs resided in the adjoining parish, Jefferson, and, if the officer had made any serious attempt or any inquiry he could have found the address of the Munsch heirs and notified them. Some such attempt, at least, should have been made before resorting to the publication addressed to unknown owners, which is not often effective.

[2] The appellants complain also of the judgment condemning them to pay to the plaintiffs the rent which they collected from the tenant after the tax sale. Appellants contend that they were possessors in good faith and were therefore not liable for the rents or revenues of the property before judicial demand was made upon them. In fact they were not possessors at all, but merely called on the tenant in the house, as soon as the year allowed by law for redemption of the property had expired, and demanded that he pay them the rent; which the tenant did and continued to do thereafter. The judgment appealed from in that respect is correct.

The judgment is affirmed.