### No. 2928

### Second Circuit

---

### DUPUIS v. REYNAUD

---

(February 3, 1928. Opinion and Decree.)

---

*(Syllabus by the Editor)*

1. **Louisiana Digest—Taxation—Par. 343; Reconvention—Par. 10.**

Where the allegations in the defendant's answer are specific as to the nature of the claim, a prayer for general relief is sufficient to allow the Court to consider the answer as a reconventional demand, under Code of Practice, Art. 377, authorizing the annulment of a tax sale if there is sufficient evidence.

2. **Louisiana Digest—Taxation—Par. 340.**

The Constitution of 1921, Sec. 11, Art. X, does not require that a tender of taxes paid, shall be a condition precedent to the institution of an action to annul a tax sale.

3. **Louisiana Digest—Taxation—Par. 358.**

"Two (2) acres from Sidney Barbin" sufficiently identifies the property purchased at tax sale where defendant did not own any other property in that parish.

4. **Louisiana Digest—Taxation—Par. 285.**

In view of Sec. 51 of Act 170 of 1898 where the records of the post office at the parish seat do not show that any registered notice was mailed to the record owner of the property, although it was their duty to keep

such records and other evidence shows that notice was not received, is sufficient to overcome the presumption arising from the tax deed that registered notice of delinquency was sent.

Appeal from the Twelfth Judicial District Court, Parish of Avoyelles. Hon. L. P. Gremillion, Judge.

Action by Forest L. Dupuis against Lestan L. Reynaud.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Bordelon & Norman, of Marksville, attorneys for plaintiff, appellant.

Joffrion & Joffrion; Porterie & Bordelon, of Marksville, attorneys for defendant, appellee.

WEBB, J. On May 3, 1924, plaintiff, Forest L. Dupuis, purchased at tax sale two acres of land situated in the Parish of Avoyelles, under an assessment made against defendant, Lestan L. Reynaud, of the Parish of Acadia, for the year 1923, and the tax deed was recorded on May 17, 1924.

On June 8, 1925, plaintiff filed suit against defendant to have the tax sale confirmed and to be placed in possession of the property, and in answer the defendant alleged that he had been in continuous possession of the property and had not been notified of the sale as required by law, and that the description of the property was insufficient, and that plaintiff did not acquire a valid title, and he prayed that plaintiff's demands be rejected at his cost, and for all orders and decrees necessary, and for general and equitable relief.

On trial judgment was rendered in favor of the defendant, annulling the tax sale, and decreeing defendant to be the owner of the property, and in favor of plaintiff against defendant for the amount of all taxes paid by plaintiff on the said property, with ten per cent per annum interest thereon from the date of payment, from which plaintiff appeals.

The plaintiff and appellant urges that the pleadings (which were not extended by the evidence) did not warrant the judgment, which is based upon two grounds.

First: That the plaintiff did not in the action brought by him place at issue the validity of the tax title, and defendant having failed to assert the invalidity of the tax title by reconventional demand, and to pray that the tax sale be annulled, and defendant having objected to any evidence to show the invalidity of the tax title, the Court was without authority to render the decree annulling the tax deed.

Second: That, in any event, the defendant having failed to tender the amount paid by plaintiff at the tax sale, together with interest and cost, the Court could not annul the tax sale until such sum had been paid.

The plaintiff also urges that the evidence in support of the alleged defects in the tax sale, was insufficient to warrant the judgment.

(1) In this contention plaintiff apparently takes the position that it was essential that defendant should have, after alleging that the tax sale was invalid for want of notice, and by reason of the defective description of the property, specifically prayed for judgment in reconvention annulling the tax sale, and he apparently bases his contention on an

expression in the cause of Fellman vs. Kay, 147 La. 954, 86 So. 406, in which the Court said:

"It is plain that, when the tax purchaser avails himself of this proceeding under Section 1 of the act, he does not place at issue the validity vel non of his tax title; he simply invites assault thereon; and it is equally clear that if no action to annul be brought within six months, the only judgment that the Court is authorized to render is one quieting and confirming the title by rendering a judgment against the former owner, forever barring and prohibiting him from assailing the tax deed, for the sole reason that he has not brought his action to annul within the six months allowed therefor.

"It is quite clear that this suit to annul can be brought by the tax debtor either by an independent suit in that court or some other court of competent jurisdiction, or can be brought by way of reconventional demand, in which whatever invalidities or nullities there be in the tax title can be set up and prayer made for the annulment of the tax deed."

The decision cited as well as the decision in Scheen vs. Hain, 141 La. 606, 75 So. 427, and Duffy vs. Peneguy, 148 La. 421, 87 So. 25, announce the rule that in a proceeding to confirm a tax title, the defendant may in his answer attack the title, and in the present instance, the defendant alleged that he was in possession of the property at the time of the tax sale, and since, and that the tax sale was null and void for the reason that it had been made without notice as required by law, and that the description of the property was insufficient, and considering the pleadings from a technical point of view, as contended for by plaintiff, the sole question is whether or not the prayer for general relief, when considered with the allegations of nullity, should be considered as a reconventional demand.

The demand in reconvention may be made as an exception in the answer or by a separate suit (Art. 377, C. P.) and when made by exception, no citation or answer is required, and may even result from evidence introduced without objection (Kean vs. Brandon, 17 La. Ann. 37) and where the demand is set up in the answer, or by exception, to an action to confirm a tax title, and the allegations are specific as to the nature of the claim, and there is a prayer for general relief, we think it should be considered as a reconventional demand, as under such a prayer, the Court would be authorized to annul the tax sale. (See Leland vs. Rose, 11 La. Ann. 69; Lochte vs. Lefebre, 124 La. 244, 50 So. 26; Kinder vs. Scharff, 125 La. 594, 51 So. 654.)

(2) While the Constitution (Sec. 11, Art. X) provides that no judgment annulling a tax sale shall have effect until the price and all taxes and cost, with ten per cent per annum interest on the amount of the price and taxes paid, from the date of the respective payments, be previously paid to the purchaser, etc., it does not provide that a tender of such amount shall be a condition precedent to the institution of an action to annul a tax sale, and the constitutional provision does not appear to be subject to such construction. (See Gomez vs. Wilde, 135 La. 204, 65 So. 109.)

(3) The evidence in support of the alleged nullities relates to the description of the property and want of notice.

The assessment shows that the property was assessed against defendant as "2 acres from Sidney Barbin," which appeared to have been made under the assessment of property in Ward 2 of Avoyelles Parish, and the deed from the tax collector describes the property as "Two (2) acres from Sidney Barbin," and the evidence

shows that defendant did not own any other property in the Parish of Avoyelles, and that he purchased the property from Sidney Barbin, and although the description might be said to be uncertain, we think it was such as would enable the property to be identified with certainty, by evidence which would be admissible for that purpose, which we think is sufficient. (Weber's Heirs vs. Martinez, 125 La. 663, 51 So. 679; Board of Commissioners of Levee District vs. Concordia Land & Timber Co., 141 La. 247, 74 So. 291.

As to notice, the statute, Section 51, Act No. 170 of 1898, provides:

"That the tax collector or sheriff shall either deliver to each tax payer in person, or shall leave it at his residence or place of business in the Parish of Orleans, one of said notices (notice of delinquency as provided by Section 50) and a return or statement in writing of the mode of such service shall be made by the officer serving same and be filed in the office of the tax collector or sheriff, and shall be received by the courts as prima facie evidence of notice. In the country parishes, this notice shall be sent by registered mail. After the sheriff shall have completed the mailing of the notices herein required, he shall make out a proces verbal, stating the names of delinquents so notified, their post office address, brief description of the property, amount of taxes due, which proces verbal shall be by him signed officially in the presence of two witnesses and by him filed in the office of the clerk of court for record and preservation. Said proces verbal shall be received by the courts as evidence. The sheriff and tax collector shall be entitled to collect from said delinquent tax payer twenty-five cents as costs; no mileage to be charged for service of said notice and a like charge if property is adjudicated to the state."

And defendant's evidence, which was directed to showing that the notice provided for by the statute was not sent, and that he did not have notice, establishes that defendant did not receive any such notice, and that he did not have notice of the tax sale, and also tends to show that a registered notice was not mailed at the post office at Marksville, the parish seat of Avoyelles Parish; and defendant also offered to introduce depositions taken under commission of the employees of the post office at Crowley, Arcadia Parish, which place the assessment roll showed was the residence of defendant, tending to show that the notice had not been received at that post office, which depositions, however were admitted subject to plaintiff's objection and were not considered by the trial court in reaching its conclusions, while the evidence offered by the plaintiff was the testimony of the employees of the sheriff's office, who did not have any independent recollection of the matter, but who stated there appeared on the assessment roll under the assessment made against defendant a certain mark which indicated that the notice had been sent, and the plaintiff contends that in view of tax sales being prima facie valid, that the evidence offered failed to overcome the presumption of validity.

While it has been held that evidence similar to that given by the employees of the sheriff and tax collector was sufficient to prove a compliance with former statutes, we do not think the method employed complied with the present statute, and although there cannot be any doubt that proof of the notice having been actually sent or mailed could be made otherwise than by the proces verbal provided for by the statute, as where the officer sending the notice had knowledge of the notice having been sent, or the return receipt or notice is offered, yet

we think that very little weight should be given to a notation made on the assessment roll, which does not show the date, time or manner by which the notice was given, and we are of the opinion that the question depends entirely upon whether or not the evidence offered by the defendant was sufficient to overcome the presumption that notice was sent as directed by the statute.

The fact that defendant did not receive any registered notice is merely a circumstance as relates to the question of whether or not the notice was sent, which, however, has some weight, in view of the fact that the evidence does not indicate that the notice, if sent, was returned to the sheriff's office, but the fact that the records of the post office at Marksville do not show that any registered notice was mailed at that office to the defendant, when the officers in charge testify that it was their duty to keep such records of registered matter, in itself tends to prove that such registered matter was not mailed at that post office, and considering this with the circumstances that defendant did not receive any such registered notice, we think it is sufficient to overcome the presumption arising from the tax deed that registered notice was sent.

We therefore, without considering the deposition of the officers in charge of the post office through which the record indicates the notices would have been received, find that the preponderance of the evidence shows that there was not any registered notice sent to defendant and the judgment appealed from is therefore affirmed.