ODOM, Justice.
 

 On November 13, 1937, Mrs. Vic A. Pitre purchased at tax sale certain real property belonging and 'assessed to the Westwego Canal and Terminal Company, Inc. The sheriff and ex officio tax collector executed a tax deed conveying the property to Mrs. Pitre, which deed was duly recorded in the conveyance records of the parish. About two months later, on January 7, 1938, the tax purchaser applied to the district court of the Parish of Jefferson, where the property is situated, for an order • of seizure and possession, commanding the sheriff to seize the property and place her in actual possession thereof, as provided for by Section 66, Act 170 of 1898.
 

 Whereupon, the Westwego Canal and Terminal Company, Inc., brought the present suit against Mrs. Pitre, the tax purchaser, and her husband, Vic A. Pitre, and against Frank J. Clancey, sheriff and ex officio tax collector of Jefferson Parish, in which it alleged that the tax sale was null and void for the reason, among others, that no notice of delinquency was given to the tax debtor, as provided by law. It prayed for judgment annulling the tax sale, for a temporary restraining order, and that finally a permanent writ of injunction issue restraining and prohibiting the tax purchaser from taking possession of the property or interfering with its possession and operation thereof. The property involved included the • Canal Company’s canal and other revenue-producing property.
 

 The Canal Company did not ténder or offer to refund to the tax purchaser the price of the sale, with, interest and costs.
 

 A temporary restraining order was granted, and a rule nisi was issued ordering the tax purchaser to show cause why a preliminary writ of injunction should not issue, as prayed for.
 

 In answer, the tax purchaser, made defendant in this proceeding, denied that the tax sale was null, as alleged by plaintiff. Further answering, she averred that the temporary restraining order was erroneously issued and should be recalled; that its issuance had caused her damage, for .which she should have judgment in the sum of $1,000 and' attorney’s fees of $500. She further alleged that she was entitled to an accounting by plaintiff “for all of the fruits and revenues of the property herein involved from the date of the filing of petition herein until respondent is permitted to take possession of the premises”.
 

 She prayed that the temporary restraining order be dissolved, that the preliminary injunction prayed for by plaintiff be denied, and for judgment in the sum of $1,500 for damages and attorney’s fees. She prayed further for judgment ordering the Canal Company to make an: accounting for the rents, fruits, and revenues of the property
 
 *112
 
 from the date of the filing of the petition for injunction.
 

 There was judgment for the Canal Company and against the tax purchaser, decreeing that the tax sale was null, ordering the recordation of the tax deed erased from the records, and permanently enjoining the tax purchaser from in any manner interfering with plaintiff’s possession of the property. There was inserted in the judgment the following specific reservation:
 

 “There is specifically reserved to defendants, Mrs. Vic A. Pitre, Vic' A. Pitre and Frank J. Clancey, any right or claim they or any of them may have for the reimbursement of the amount paid by them or any of them to the said Frank J. Clancey at the said tax sales as the purchase price or amount of adjudication.”
 

 Mrs. Pitre, the tax purchaser, appealed.
 

 It was proved at the trial that no notice of delinquency was given the delinquent tax debtor, as the law provides,- and for that reason the district judge annulled the tax sale and ordered the recordation of the tax deed erased from the conveyance records of the parish. It is now conceded by counsel for Mrs. Pitre, the tax purchaser, that, in so far as the judgment annulled the tax sale, it is correct.
 

 But counsel now contend that the judgment rendered was erroneous for two reasons : “First, because it did not contain the provision that it should not go into effect until the, price of the sale and all taxes and costs, with interest, are paid to the purchaser, and second, because it failed to recognize the tax purchaser’s right to collect rents and revenues.
 

 The judgment is unquestionably incorrect as relates to the first point. Section 11, Article X, of the Constitution of 1921, as amended by Act 147 of 1932, provides that:
 

 “No judgment annulling a tax sale shall have effect until the price - and all taxes and costs are paid, with ten per cent per annum interest on the amount of the price and taxes paid from date of respective payments, be previously paid to the purchaser; provided, this shall not apply to sales annulled on account of taxes having been paid prior to the date of sale.”
 

 The tax sale in this case was not set aside because the taxes were paid prior to the date of sale, but was annulled because no notice of delinquency was served, according to law. Therefore, the above provision of the Constitution is applicable.
 

 The judgment appealed from specifically reserved to the tax purchaser the right to claim reimbursement of the price of the sale, with costs and interest.
 

 The trial judge did not assign written reasons for his judgment. But it was stated by counsel in oral argument that the reason the judge did not render judgment in favor of the tax purchaser for the price, interest, and costs was that the tax purchaser did not specifically ask for reimbursement of these amounts. If that was his reason for refusing to order the Canal Company to refund these amounts to the tax purchaser, he erred.
 

 A similar situation was presented in the case of Gomez v. Wilde, 135 La. 204, 65 So. 109, where it was held that a judgment
 
 *114
 
 annulling a tax sale is ineffective until the price and all taxes and costs are paid, though such payment had not been prayed for by the tax purchaser, the constitutional provision being imperative. In the case of Flanagan v. Land Development Co., 145 La. 843, 83 So. 39, it was held that a judgment annulling a tax sale cannot become effective until the tax purchaser is reimbursed the expenditures made by him, such as the price, interest, and costs. See, also, Recker v. Dupuy, 161 La. 392, 108 So. 782.
 

 In the Flanagan case, this court amended the judgment appealed from by rendering judgment in favor of the tax purchaser for the amount of taxes, interest, and costs which the purchaser had paid, the court stating, however, that its judgment could not become effective until these amounts were paid.
 

 We cannot follow that proceeding in the instant case for the reason that the tax purchaser offered no testimony whatever to show the amount she had expended in connection with the sale. It is necessary, therefore, for us to remand the case to the district court in order that Mrs. Pitre may make proof of the amount she has paid and in order that the judgment appealed from may be amended to comply with the provisions of Section 11, Article X, of the Constitution, hereinabove quoted.
 

 As to rents and revenues, it suffices to say that the tax purchaser has never been in possession of the property nor has she any right to take possession of it. The tax sale was absolutely null, and for that reason the Canal Company was divested neither of its title nor of its possession. The tax purchaser is not entitled to revenues for the reasons stated in the case of Flanagan v. Land Development Co., supra, See, also, Munsch et al. v. Bloom et al., 163 La. 583, 112 So. 494. In the Munsch case, the tax purchaser took possession of the property immediately following the tax sale, «and collected rents and revenues up to the time suit was filed by the tax debtor to set aside the sale. He contended that he was a purchaser in good faith, under Articles 503 and 3451 of the Revised Civil Code, and that he was entitled to retain such revenues as the property had produced during the time he had possession of it, under Article 3453 of the Code. There was judgment ordering him to refund the amount of the revenues collected from the property, and that judgment was affirmed by this court.
 

 The opinion in the Munsch case does not set forth the specific reasons urged by counsel for the tax purchaser as to why he should be permitted to retain the rents and revenues. But we have before us the •brief filed by counsel for defendant in that case, which shows that counsel in that case made the same argument as to rents and revenues as is made by counsel for appellant in this case.
 

 As we have already stated, it is conceded that the tax sale is null. But the tax purchaser is entitled to judgment against the Canal Company for the amount which she paid for the property, plus interest and costs, together with the amount of taxes, if any, which she has paid since the purchase, with interest.
 

 
 *116
 
 It is therefore ordered that the case be remanded to the district court, and that the tax purchaser be afforded an opportunity to prove the amount which she has expended in the purchase of the property at tax sale, together with interest and costs and such other taxes,' if any, which she has paid since that time, in order that she may have judgment for such amounts; the costs incurred in the lower court up to date to be paid by the tax purchaser, appellant, and the costs of this appeal to be paid by the Canal Company, appellee.