Among the several assignments of error in the judgment rendered in this case, the fact that we did not pass upon the exceptions of no cause and no right of action is stressed. Neither the merits of these exceptions nor the correctness of the judgment as against the widow and heirs of Henry Bernstein, deceased, were tendered by the appeal.
Plaintiffs appealed from that part of the judgment that dismissed as of nonsuit their case against T. J. Owen. The defendants did not appeal nor did either answer plaintiffs' appeal. Therefore, the judgment could not be amended in their favor. See Jones v. Chicago Mill Lumber *Page 125 
Company, La. App., 15 So.2d 826, and cases cited therein; Britt v. Leaderbrand, La. App., 39 So.2d 645.
The lower court did not expressly pass on the exceptions but since it decided the case on its merits clearly implied that the exceptions were deemed to be without merit and for this reason were overruled.
However, the rule that a judgment may not be amended in favor of one who has not appealed therefrom nor answered the appeal taken by another, cannot apply to the right to invoke on appeal the benefit vouchsafed to a tax purchaser by the Constitution with regard to repayment of taxes as a condition precedent to the right to have the tax sale canceled. The provision of the Constitution in this respect is mandatory, and a judgment declaring the tax sale null and void would be without effect unless this condition precedent is incorporated therein. Gomez v. Wilde, 135 La. 204, 65 So. 109.
The application for rehearing is denied.