JANVIER, Judge.
For a full understanding of the facts and of the issues presented see our original opinion. 58 So.2d 573.
We granted a rehearing on the application of both parties because we felt that possibly we could reach a conclusion on *908 the real merits of the controversy and thus avoid forcing the State Tax Collector to recommence his proceedings looking to the sale of the property by giving the necessary notice of delinquency, with the result that the plaintiff would then again attempt to enjoin the sale on the identical grounds which were presented in this case.
We conclude, however, that, since the majority of the members of this Court are firmly of the opinion that the sale against which the injunction is now sought should not be proceeded with for the reasons given in the majority opinion, we could not consistently overlook that reason and then investigate the soundness vel non of the other contentions.
This will undoubtedly cause a delay in the final determination in the fundamental controversy which exists between the plaintiff and the State Tax Collector of the Parish of Orleans, 'but we do' not see that any other course is open to us.
Since our original decree was rendered, Mr. George Montgomery, Sr., has departed this life, and Mr. George Montgomery, Jr., has duly qualified as his successor and, on motion, has been made party defendant instead of the original defendant, George Montgomery, Sr.
It is therefore ordered, adjudged and decreed that our original decree be and it is reinstated and made final.
Original decree reinstated.
REGAN, J., dissents, adhering to written reasons heretofore assigned by him.