91 So.2d 345

Mrs. Bertha Bornes BUTLER

v.

Michael J. D'ANTONIO.

No. 41590.

Nov. 5, 1956.

Rehearing Denied Dec. 10, 1956.

Leo L. Dubourg, New Orleans, for defendants-appellants.

Frederick G. Veith, New Orleans, for plaintiff-appellee.

HAWTHORNE, Justice.

This is an appeal from a judgment of the district court decreeing null and void a tax

sale of a certain lot of ground and improvements in the City of New Orleans, the judgment to be ineffective "until the price and All Taxes and Costs are paid with 10% Per Annum interest on the amount of the price and taxes paid from date of respective payments shall have previously been paid to the Widow and Heirs of the [tax] purchaser".[1]

The property described in the tax deed was acquired by Carlton Lockett by deed dated July 2, 1941, and was duly filed for record. The property was assessed for the 1944 taxes in the name of Carlton Lockett, the record owner, and the taxes not having been paid, it was sold for the taxes due for that year to Michael J. D'Antonio, whose tax deed was duly filed for record on March 21, 1946, and recorded in C.O.B. 539, Folio 608.[2]

It was alleged in the petition and admitted in the answer that the record owner, Carlton Lockett, died on May 1, 1943, leaving as his sole heir his mother, Mrs. Bertha Bornes Butler, and that she had occupied the property described in the tax deed as her home continuously since 1941, had remained in possession even after the tax sale, and was still in possession when she filed this suit.

It was also alleged and admitted that the property was sold at tax sale without the service of any notice of delinquency upon petitioner, who at the time of the sale was the owner of the property.

It was also alleged in the petition and admitted in the answer that at the time Carlton Lockett acquired the property, he executed a counter letter in favor of his mother, plaintiff in this suit, and that this counter letter was not filed for record until after the date of the tax sale.

■ Under these circumstances appellants contend that Mrs. Butler was not entitled to notice of delinquency and has no standing in court to question the validity of the tax sale because notice was not served upon her, as she was not the owner of record at the time the notice of delinquency was required by law to be given. We agree with counsel that the fact that she held an unrecorded counter letter would not entitle her to any notice of delinquency, but we do think that as actual owner of the property she was entitled to such notice under the law, and that the failure to give it to her invalidated the tax sale.

The validity of the assessment in the instant case is not an issue, and we think properly so since the property was assessed in the name of the owner of record, and no notice of the record owner's death is shown to have been given to the assessor.

---

1. The tax purchaser, Michael J. D'Antonio, was originally defendant in this suit. D'Antonio died after trial but before judgment, and his widow and heirs were made parties.

2. The instant suit was instituted before the period of peremption had accrued.

Since Carlton Lockett was dead, no notice of delinquency could be served upon him. Article 10, Section 11, of the Louisiana Constitution provides that prior to advertisement and sale of property for unpaid taxes the tax collector shall give notice to the "delinquent" in the manner provided by law. Under the jurisprudence of this court, the term "delinquent" as used in the Constitution does not include a person who has died but means the actual owner of the property at that time. Wilkerson v. Wyche, 158 La. 596, 104 So. 381, and authorities there cited; Federico v. Nunez, 173 La. 957, 139 So. 18, and numerous authorities there cited; Board of Commissioners for Atchafalaya Basin Levee Dist. v. Sperling, 205 La. 494, 17 So.2d 720; Di Giovanni v. Cortinas, 216 La. 687, 44 So.2d 818.[3]

In the instant case it is admitted that plaintiff is the sole heir of Carlton Lockett and as such was the actual owner of the property sold at tax sale. Since, admittedly, no notice of delinquency was served upon her, the tax sale is a nullity.

The judgment appealed from is affirmed at appellants' costs.

HAMITER, J., absent.

3. These cases were decided before the Revised Statutes of 1950 became effective. It is interesting to note that the holding of these cases that notice of delinquency shall be given to the actual owner in the event the record owner is dead was incorporated in R.S. 47:2180, although no such provision was in the earlier statutes on the same subject. See Act 170 of 1898, secs. 50–52; Act 194 of 1932.