YARRUT, Judge.
This is an appeal from a judgment of the District Court decreeing null and void a tax sale to Defendant for unpaid City taxes of 1953, of two vacant lots of ground in the City of New Orleans, assessed in the name of Joseph A. Blythe, reserving to Defendant the right to recover from Plaintiffs the taxes paid, together with legal interest and penalties provided by law.
Plaintiffs are the widow and heirs of Joseph A. Blythe, who died in New Orleans on June 24, 1955, having been recognized as such by judgment of court on June 2, 1960.
The property, acquired by Joseph A. Blythe in 1913, was adjudicated to the State in 1933 for unpaid taxes of 1931, and later redeemed from the State by Defendant on August 8, 1960, in the name of Joseph A. Blythe, Defendant paying all delinquent taxes and penalties.
The City taxes for 1953 were assessed in the name of Joseph A. Blythe. Notice of delinquency and intention to sell for the unpaid taxes of 1953 was mailed in September 1956 by the City Delinquent Tax Department to 318 Carondelet Street, New Orleans (the real estate office of Blythe). This notice was returned to the Department undelivered. No attempt was made thereafter to serve decedent’s heirs or legal representatives, other than two newspaper advertisements of November 14 and 21, 1956, in which the Blythe property was listed as “unknown” owner, as provided by LSA-R.S. 47:2180; LSA-Const.1921, Art. 10, § 11; and later sold to Defendant on December 28, 1956. The tax deed was timely recorded.
Upon discovering the tax sale and reserving their right to attack it, Plaintiffs offered, but were refused the right, to redeem the property from Defendant by paying all taxes, legal interest and penalties. This suit to annul was then instituted on the ground of failure to give legal notice of delinquency.
Defendant admits the lack of notice, but contends decedent’s heirs and widow were strangers to the property, having lost all right thereto because of decedent’s failure to timely redeem the 1931 tax sale to the State who, Defendant contends, was the record owner, notwithstanding the certificate of redemption issued as aforesaid. The redemption of forfeited property sold at tax sale inures to the benefit of the owner or other persons interested as heir, legatee, creditor or otherwise; but does not benefit the purchaser of a null and void tax sale. Stockbridge v. Martin, 4 La.App. 410; LSA-R.S. 47:2224.
Plaintiffs satisfactorily proved that neither they, nor the decedent, ever received from the City Delinquent Tax Office written notice by registered mail or otherwise that, in default of payment of the taxes, the property would be sold 20 days after the service of said notice. The statute (amended in 1952) allows notice to be served upon the taxpayer by personal or domiciliary service in cities of over 50,000 population; and further provides for notice by publication and advertisement to “unknown” owners of immovable property.
Notice of delinquency as to a deceased person, unless served on his heirs or legal representatives, is irregular; and a sale made pursuant to notice addressed to the deceased, in whose name the property is assessed, is void. Butler v. D’Antonio, 231 La. 275, 91 So.2d 345; Board of Commissioners, etc. v. P. M. Realty Company, La.App., 146 So.2d 21; Scheller v. Goode, La.App., 69 So.2d 96; Doll v. Montgomery, La.App., 58 So.2d 573; Fountain v. Kirby Lumber Corporation, La.App., 199 So. 603; 27 T.L.Rev. 128.
In Butler v. D’Antonio, supra, and cases cited therein, the term “delinquent,” was held not to include a person who has died but the actual owner of the property at that time, in this case the widow and heirs, upon whom no notice of delinquency was ever served, notwithstanding decedent *834 and a son were personally known to the members of the City Delinquent Tax Department, in whose office the son had been at least once a week since his father’s death. With these facts, along with the manner in which service of notice of delinquency and intention to sell was attempted by the Department, it cannot be said that the Department exercised reasonably diligent efforts to serve notice on Plaintiffs prior to the tax sale.
In Thompson v. Walker, 235 La. 132, 103 So.2d 65, the Court held that any irregularity in failing to give tax debtors notice of delinqttency is only cured by the five-year peremptive period for annulling tax sales. This suit was brought June 29, 1960, two years after the City tax sale, and three years before the peremptive period would have run.
For the above and foregoing reasons, the judgment of the District Court is affirmed; Defendant to pay costs in both Courts.
Affirmed.