HALL, Judge.
The defendant, Zor, Inc., prosecutes this devolutive appeal from a judgment on the *155 merits annulling a tax sale to it, and also from the Trial Court’s denial of a new trial. Plaintiff answered the appeal praying for damages for frivolous appeal.
Plaintiff, Regina Robinson, as owner of certain lots in the City of New Orleans, filed suit on November 2, 1962 against Zor, Ins. to set aside a tax title to the lots which defendant had acquired at a City tax sale for delinquent taxes for the year 1957 on the ground that no notice of the sale was given as required by law.
The record reveals that plaintiff acquired the property as widow in community and as sole heir of her late husband, Daniel Robinson, who acquired the property in 1916. The record further reveals that the property was assessed in the name of Daniel Robinson and continued to be assessed in his name even after his death on January 5, 1934, and was so assessed at the time of the tax sale complained of.
The record further reveals that no notice of the sale as required by law was ever sent to anyone as an heir of Daniel Robinson. The only notice of delinquency sent out by the City was a notice addressed and mailed to the deceased, Daniel Robinson, which was returned unclaimed. The record on the merits fully substantiates the judgment annulling the sale. See Blythe v. Zor, Inc., La.App., 148 So.2d 832.
Neither in argument nor in its brief has appellant discussed the merits of the case, nor has appellant suggested that it was in possession of any facts which would tend to .defeat the suit. Its complaint is that it has not had its “day in court”, in that neither it nor its counsel was present at the trial.
Appellant contends (a) that proper notice of trial was not given to it; (b) that proper notice of the signing of judgment was not given to it thus defeating its right to a new trial and its right to a suspensive appeal, and (c) that the judgment annulling the tax sale does not require the repayment of taxes ,as required by law.
The facts shown by the record are as follows :
On November 12,1962 Alcide J. Weysham filed interrogatories to be answered by plaintiff, signing same “Alcide J. Weysham, attorney of defendant Zor, Inc.”
On November 19, 1962 “Alcide J. Wey-sham, attorney for Zor, Inc.” signed and filed a motion for bond for costs.
On June 10, 1963 answer to the suit was filed bearing the signatures “Alcide J. Wey-sham. Delvaille H. Theard (T. A.) attorneys of defendant.”
Delvaille H. Theard died in October 1963.
On December 3, 1963 notice of a pre-trial conference to be held on January 29, 1964 was mailed to Alcide J. Weysham in accordance with the rules of the Civil District Court. He failed to appear or to excuse his absence.
The matter was set by the court for trial on the merits on March 19, 1964 and it is conceded that notice of the trial date was published according to the rules of court several weeks prior thereto. No other notice is required by law or rule of court. Prior to the trial date counsel for plaintiff, although not required by law or the rules of court to do so, directed to Mr. Warren Doll, president of Zor, Inc., two letters notifying him of the date of the trial. The letters were duly mailed and were not returned to the sender, and appellant does not claim they were not received.
On the date set for trial no one appeared for the defendant and plaintiff’s counsel proceeded to put on his proof. At the close of the evidence the Trial Judge rendered judgment instanter in open, court without taking the matter under advisement. Judgment was signed in open court.
On the date of the trial Alcide J. Wey-sham was alive and had never withdrawn from the case. He was still attorney of record for defendant. Defendant-appellant’s present counsel took notice of this when on *156 April 3, 1964 they filed a motion to be made attorneys of record “in lieu and in place of Delvaille H. Theard and Alcide J. Weysham as attorneys for defendant.”
And on April 3, 1964, long after the time for applying for a new trial had passed, defendant’s present counsel filed a rule for a new trial to be heard on April 17, 1964. When the rule came on for trial defendant’s counsel made no appearance and the rule was dismissed. Thereafter on April 22 defendant’s counsel filed a second rule for a new trial stating that he had been misinformed as to the date of the hearing on the first rule. The second rule was fixed for trial on May 1 and after a hearing thereon the Court dismissed it.
We find no error in the proceedings. Mr. Weysham was counsel of record for defendant, and later co-counsel of record, throughout the entire proceedings until su-perceded on April 3, 1964, at which time judgment on the merits had already been rendered and the delay for applying for a new trial had already expired. Due notice of the pre-trial conference was given to him in the manner required by the rules of court, and notice of the trial date was also given in full accordance with such rules. That he made no appearance either at the pre-trial conference or at the trial on the merits was not due to lack of proper notice.
Defendant was not entitled to receive a notice of the signing of judgment. LSA-C.C.P. Art. 1913, as amended, requires such a notice to be given in two cases only viz (a) where the judgment was rendered by default, and (b) where the case has been taken under advisement by the Court. The judgment appealed from was not a default judgment but was rendered after answer filed by defendant. Nor was the case taken under advisement by the Court.
Defendant contends however that when a judgment is rendered after answer filed a notice of the signing of the judgment must nevertheless be given whenever the parties (particularly the party cast) or their counsel were not present in Court at the time it was rendered, citing Spears v. Fourmy (Ct.App. 1st Circuit) 150 So.2d 342. We do not consider that the cited case stands for such a proposition, and if it does it would be adding a provision not found in the statute (LSA-C.C.P. Art. 1913, as amended).
Defendant’s application for a new trial was not timely filed (See LSA-C.C.P. Art. 1974, as amended) and was properly denied.
Defendant contends that the judgment appealed from is invalid for the reason that as rendered it does not provide for the refund to defendant of the price of the sale, etc. as required by Article 10, Section 11 of the Louisiana Constitution, LSA which provides in part:
“ * * * No judgment annulling a tax sale shall have effect until the price and all taxes and costs are paid, with ten per cent per annum interest on the amount of the price and taxes paid from date of respective payments, be previously paid to the purchaser * *
The judgment appealed from is not invalid for this reason but is erroneous and ineffective as written. We would correct the judgment by amendment in general terms were it not for the decision of the Supreme Court in Westwego Canal & Terminal Co. v. Pitre, 195 La. 107, 196 So. 36 which seems to hold that it is necessary for a judgment annulling a tax sale to contain a specific monetary judgment in favor of the tax purchaser for the price of the sale etc. In that case the Court held that where, as here, the record is silent as to the amount expended by the tax-purchaser in connection with the sale it is necessary for the Appellate Court to remand the case in order that the tax purchaser may make proof of the amount paid and in order that the judgment appealed from may be amended to comply with the provisions of Section 11 Article 10 of the Constitution, hereinabove quoted.
Plaintiff’s claim for damages for frivolous appeal is denied. See Williams v. Cormier, *157 La.App., 100 So.2d 307; See also Lanza Enterprises, Inc. v. Continental Insurance Company, La.App., 129 So.2d 91.
We are of the opinion that the judgment appealed from is correct in all particulars except its omission of a judgment in favor of defendant for the amount which plaintiff is obligated to pay in accordance with Section 11 of Article 10 of the Constitution.
For the foregoing reasons it is ordered that the case be remanded to the District Court with instructions to require defendant to prove the amount which it has expended in the purchase of the property at tax sale, together with interest and costs and such other taxes, if any, which it has paid since that time together with interest thereon, and that after such amounts are ascertained, to render judgment in accordance with the views herein expressed and in accordance with the provisions of Article 10 Section 11 of the Constitution. Costs incurred in the District Court to date and costs of this appeal to be paid by defendant.
Affirmed in part; remanded in part with instructions.