181 So.2d 828 (1966)
Arthur GARRY, Jr., et al.
v.
ZOR, INC., et al.
No. 1987.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1966.
*829 Charles E. McHale, Jr., New Orleans, for plaintiffs-appellees.
Favret, Favret & Favret, Marshall Favret, New Orleans, for Zor, Inc., defendant-appellant.
James M. Colomb, Jr., and Thomas Barr, III, New Orleans, for defendants-appellees.
Before SAMUEL, HALL and BARNETTE, JJ.
HALL, Judge.
This is a suit by the forced heirs of Julia Thomas, wife of, and Arthur Garry: (a) to annul a judgment rendered by the Civil District Court for the Parish of Orleans on April 22, 1963, in proceeding No. 410,060 of the docket of that Court entitled "Housing Authority of New Orleans vs. Arthur Garry et als.", and, (b) to annul a tax sale in the name of A. Garry to the defendant, Zor. Inc. Other parties named as defendants herein, in addition to Zor, Inc., are Housing Authority of New Orleans and the Clerk of the Civil District Court, ex-officio custodian of the funds in the Registry of said Court.
From a judgment annulling in part the judgment of April 22, 1963, rendered in proceeding No. 410,060 C.D.C. and also annulling the tax sale, defendant, Zor, Inc., appealed. Since plaintiffs neither appealed nor answered the appeal, the defendant, Housing Authority of New Orleans, has no further interest in the suit, and the defendant, Clerk of Court, being a mere stakeholder has submitted the matter.
We must first consider the proceeding No. 410,060 C.D.C. wherein was rendered the judgment herein sought to be annulled. That was a suit by Housing Authority of New Orleans (HANO) seeking to expropriate certain lots situated in the City of New Orleans. In its petition HANO alleged that Arthur Garry was the apparent and presumptive owner of the property but further alleged:

"Par. 6
"That, your petitioner has been informed and upon such information alleges that Arthur Garry is deceased; that this succession has never been opened and that accordingly, it is necessary that a curator ad hoc be appointed to represent the heirs of Arthur Garry and any and all other persons who may have an interest in and to the hereinabove described property.
"That, the subject property was sold to Zor, Inc., for the non-payment of 1957 taxes, and that accordingly, it is necessary that Zor, Inc., be named a party defendant in these proceedings."
The petition prayed for citation and services upon Zor, Inc., and upon the heirs of Arthur Garry, through a curator ad hoc to be appointed by the Court, and further prayed that in due course the property be adjudged to HANO upon the deposit by it in the Registry of the Court to the credit of the owners, the amount determined by the Court to be the fair value of the property.
*830 The curator ad hoc appointed by the Court filed a pro-forma answer to plaintiff's petition. Zor, Inc., answered plaintiff's petition, alleged the details of the tax proceedings which culminated in a tax deed of the property to it, and averred that it was the owner of the property by virtue of the tax deed. It submitted the matter of expropriation to the Court and prayed for a decree "holding that said Zor, Inc., is the sole and only owner in law of the said property and accordingly entitled to the totality of the amount decreed by the Court to be due for and on account of said expropriation." Zor, Inc. did not pray for citation and service on anyone. No citation was issued but on the bottom of its pleading there appears a certificate by its attorney that copies thereof had been mailed to "The Curator ad hoc to represent the heirs of Arthur Garry", and to the attorney for the plaintiff.
Following trial on the merits judgment was rendered recognizing and decreeing Zor, Inc., to be the owner of the property by virtue of its tax deed and condemning and adjudging the property to Housing Authority of New Orleans upon deposit by it in the Registry of Court of the sum of $3,800.00 to the credit of such owner but subject to the payment of all taxes, liens, mortgages etc. due on the property. This judgment was rendered and signed on April 22, 1963.
On October 7, 1963, the forced heirs of Arthur Garry and wife filed the present suit praying that the expropriation judgment be annulled and for further judgment in their favor and against Zor, Inc., decreeing the nullity of the tax sale to Zor, Inc., reserving unto Zor, Inc., its rights to be reimbursed for the amount of taxes, penalty and interest as in the case of redemption. Petitioners prayed in the alternative in the event the Court should hold the judgment of April 22, 1963 to be valid insofar as it expropriates the property to the Housing Authority, that there be judgment in their favor decreeing them to be entitled to the $3,800.00 on deposit in the Registry of the Court, and ordering said amount released to them.
After trial on the merits judgment was rendered and signed on December 2, 1964: (a) annulling the judgment of April 22, 1963, rendered in the expropriation proceedings insofar and only insofar as that judgment decreed that Zor, Inc., was the owner of the property and as such entitled to the $3,800.00 deposited in the Registry of the Court, (b) declaring the tax sale to Zor, Inc., to be a nullity, and (c) decreeing the plaintiff heirs of Arthur Garry and wife to be the sole and only owners of the $3,800.00 on deposit in the Registry and ordering the Clerk of Court to pay over such deposit to them. It is from this judgment that Zor, Inc., prosecutes the present appeal.
Since the heirs of Garry, appellees herein, did not answer the appeal that part of the judgment of April 22, 1963, which condemned the property to Housing Authority of New Orleans is not at issue here. We have before us only the question of the nullity vel non of that part of the judgment which decreed Zor, Inc., to be the owner of the property by virtue of the tax deed and entitled as such to the proceeds of the condemnation.
The heirs of Garry based their action in nullity on two grounds, viz: (1) that the curator ad hoc was without authority to represent them because they were not "absentees," and, (2) that there was no joinder of issue on the claim asserted by Zor, Inc., in the condemnation proceedings, no answer having been filed to its pleading therein and no default having been issued thereon.
With reference to the first ground of nullity asserted, the record reveals that Arthur Garry purchased the subject property in 1926 during his marriage to Julia Thomas and that neither he nor his heirs ever disposed of it; that he died in New Orleans on November 30, 1939 and that *831 his wife, Julia Thomas, predeceased him having died in New Orleans on July 2, 1935. The record further shows clearly and without contradiction that prior to filing the expropriation proceeding Housing Authority knew that Arthur Garry and his wife were dead, knew the names of his children and forced heirs, (plaintiffs herein) knew that they were all of age and residents of and domiciled in New Orleans, and knew how to get in touch with them. In fact prior to the institution of suit the Housing Authority had sought them out and had obtained a written option from them to sell the subject property to it for $3,300.00. The Housing Authority was also well aware that the heirs had placed the matter in the hands of their attorney to complete the sale. Apparently the Housing Authority wished the successions of Arthur Garry and wife to be opened prior to taking title and when this was delayed it decided to expropriate.
The fact that the successions of plaintiffs' father and mother had not been opened gave the Housing Authority no excuse to have a curator appointed. See LSA-C.C. Arts. 940, 941; Succession of Scardino, 215 La. 472, 40 So.2d 923, 925. They were not "absentees" as defined in LSA-C.C.P. 5251 and the appointment of a curator ad hoc to represent them was unauthorized. See Quaker Realty Company Limited v. O'Rourke, 9 Orleans App. 237.
Notwithstanding the fact that Zor, Inc., in the pleading filed by it in the expropriation proceeding simply asked for a decree holding it to be the sole and only owner of the property and did not pray specifically for judgment against anyone, its pleading in our opinion was in essence and in effect an action to confirm or quiet its tax title. It had only a defeasable title, subject to attack, and moreover subject to attack for any reason since the five year constitutional prescription had not then run. A confirmation of its tax title was a sine qua non for a decree entitling it to full ownership. If its pleading was not an attempt to confirm its tax title it served no purpose whatever.
Such a proceeding had to be brought against the former proprietor or proprietors of the property by petition and citation as in ordinary cases (LSA-R.S. 47:2228) and had to be tried contradictionally with them. But Zor, Inc., prayed for no citation and none was issued. It merely mailed a copy of its pleading to the curator ad hoc (See LSA-C.C.P. Arts. 1313 and 1314), who had previously been appointed to represent the heirs in the condemnation proceeding.
No answer was filed to the pleading of Zor, Inc., and no default was entered thereon. Whether its pleading be regarded as a third party petition (See LSA-C.C.P. Arts. 1031, 1111) or an intervention (See LSA-C.C.P. Arts. 1031, 1091) it required a joinder of issue by answer or by default (See LSA-C.C.P. Arts. 1035, 1701; see also all Hans Credit Union v. Saucier, La.App., 143 So.2d 281).
Although Zor, Inc., in its brief filed herein refers to this pleading as an "answer and third-party demand" it suggests that the condemnation proceedings "can be likened in some respects to a concursus proceeding" in which no answer and no default is required to join issue between claimants. (See LSA-C.C.P. Art. 4656). Questions of title to and ownership of real estate cannot in our opinion be inquired into in concursus proceedings but must be tried according to the forms of special laws.
It is elementary that no valid judgment can be rendered in any lawsuit unless the defendant is served with process as required by law and unless issue has been joined by answer or by default. There was here no valid service, no answer filed, and no default entered. These are not simple errors to be corrected only by appeal.
*832 LSA-C.C.P. Art. 2002 provides in part as follows:
"A final judgment shall be annulled if it is rendered:
* * * * * *
"(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken * * *."
We are of the opinion for the foregoing reasons that the judgment herein appealed from is correct insofar as it annulled the judgment rendered in favor of Zor, Inc., in the condemnation proceedings.
We come now to consider the action by the heirs of Garry to annul the tax sale to Zor, Inc. The appellant, Zor, Inc., has failed to argue in its brief the validity of its tax title, nor was any evidence offered by it in the Trial Court to contradict the proof of appellees that the tax sale is null and void.
The subject property was sold by the City of New Orleans in the name of Arthur Garry for the 1957 city taxes and was acquired by Zor, Inc., by tax deed registered in the Conveyance Office on November 3, 1958. Plaintiffs' suit to annul the sale was filed on October 7, 1963, within the five year constitutional prescription. (LSA-Const. Art. 10, Sec. 11).
As we have seen, both Arthur Garry and his wife died many years prior to the assessment of the 1957 taxes. Their presumptive heirs were all of age and domiciled in New Orleans. Nevertheless the assessment for the 1957 taxes was made in the name of a dead man, Arthur Garry, and the property was advertised and sold in his name. No notice of tax delinquency was served on anyone (See LSA-R.S. 47:2180), but the tax deed offered in evidence contains a recitation that the notice was served on Arthur Garry either personally or by domiciliary service. There is proof in the record however, that it was actually advertised and sold by the City under the "unknown owner" statute (see LSA-R.S. 47:2180, third paragraph). In Robertson v. Polmer, La.App., 112 So.2d 735, our predecessor Court was presented with a similar situation and held as follows (syllabus 6):
"Where tax deed recited that there had been served on co-owners written or printed notice of tax delinquency by personal or domiciliary service or by registered mail, but no such notice was served, even if substituted notice by publication had been given, tax sale was void. LSA-R.S. 47:2180, 47:2181; LSA-Const. art. 10, § 11."
The giving of notice of delinquency required by Article 10, Section 11 of the Constitution and by LSA-R.S. 47:2180 is mandatory. Doll v. Montgomery, La.App., 58 So.2d 573, 60 So.2d 907; Wainer v. Zor, Inc., La.App., 161 So.2d 378; Blythe v. Zor, Inc., La.App., 148 So.2d 832.
When a tax debtor proves that he did not receive the delinquency notice required by law and the attack is made within the preemptive period the tax deed will be set aside. See Gibbs v. Roos, La.App., 178 So. 674; Sanders v. Abbitt, La.App., 29 So.2d 718; Wilkerson v. Wyche, 158 La. 596, 104 So. 381.
In conclusion we are of the opinion that the judgment appealed from is correct insofar as it decreed the nullity in part of the judgment of April 22, 1963, rendered in proceeding No. 410,060 of the docket of the Civil District Court, and insofar as it decreed the nullity of the tax sale. However the judgment omitted to provide for the payment to Zor, Inc., of the amount which plaintiffs herein are obligated to pay that company in accordance with Section 11 of Article 10 of the Constitution (LSA-Const. Art. 10 § 11) which provides in part:
"* * * No judgment annulling a tax sale shall have effect until the price and all taxes and costs are paid, with ten per cent per annum interest on the amount of the price and taxes *833 paid from date of respective payments, be previously paid to the purchaser * * *."
The judgment is not invalid for this reason but it is erroneous and ineffective as written. (See Westwego Canal & Terminal Co. v. Petre, 195 La. 107, 196 So. 36) As we said in Robinson v. Zor, Inc., La.App., 174 So.2d 154:
"* * * We would correct the judgment by amendment in general terms were it not for the decision of the Supreme Court in Westwego Canal & Terminal Co. v. Pitre, 195 La. 107, 196 So. 36 which seems to hold that it is necessary for a judgment annulling a tax sale to contain a specific monetary judgment in favor of the tax purchaser for the price of the sale etc. In that case the Court held that where, as here, the record is silent as to the amount expended by the tax-purchaser in connection with the sale it is necessary for the appellate Court to remand the case in order that the tax purchaser may make proof of the amount paid and in order that the judgment appealed from may be amended to comply with the provisions of Section 11 Article 10 of the Constitution * * *."
For the foregoing reasons it is ordered that the case be remanded to the District Court with instructions to require Zor, Inc., to prove the amount which it has expended in the purchase of the property at tax sale, together with interest and costs and such other taxes, if any, which it has paid since that time together with interest thereon, and that after such amounts are ascertained, to render judgment in accordance with the views expressed herein and in accordance with the provisions of Article 10 Section 11 of the Constitution, such judgment to provide for the payment to Zor, Inc., by priority out of the fund in the Registry of the Court the amount thus ascertained to be due it and to provide for the payment to plaintiffs herein of the balance of said fund, after satisfaction of all mortgages, liens, privileges and other encumbrances with which the subject property may be burdened. Costs incurred in the District Court to date and costs of this appeal shall be paid by defendant-appellant.
Affirmed in part; remanded in part with instructions.