HARDY, Judge.
This is an action in which plaintiff prayed for judgment recognizing her as the owner of a certain described city lot and improvements located in Bossier City, Louisiana, naming as a defendant Metz Abbitt, purchaser of the property at a tax sale by the municipality of Bossier City for unpaid taxes assessed against the property for the year 1960. Also made defendant was Lucille Holley, to whom Abbitt had executed an act of conveyance covering the property described prior to the institution of this suit.
The suit was submitted to the court on an agreed stipulation of facts and judgment was rendered (1) recognizing plaintiff as the owner of the property described; (2) annulling and ordering cancelled from the Conveyance Records the act by which the property was sold to defendant, Abbitt, for taxes for the year 1960; (3) ordering the act of conveyance from Abbitt to the defendant, Lucille Holley, cancelled from the Conveyance Records; and (4) awarding judgment in favor of defendant, Abbitt, and against plaintiff in the sum of $241.55 as reimbursement for taxes paid on the property by the said Abbitt. From this judgment defendants have appealed.
The principal basis for plaintiff’s claim rests upon the contention that the tax sale to the defendant, Abbitt, was null for the reason that the notice of delinquency was not given to the owner of record at the time of issuance of said notice.
The factual basis supporting this contention is clearly established by the stipulation and admits of no dispute.
The, principle that a tax sale made pursuant to notice of delinquency which was not given to the last record owner is a nullity has been so well established by a long and consistent line of cases as scarcely to merit citation of authority. The fundamental provision is found in LSA-Const. Art. X, Section 11. We mention only Esso Standard Oil Company v. Jordan, 231 La. 594, 92 So.2d 377 (1957); Butler v. D’Antonio, 231 La. 275, 91 So.2d 345 (1956) ; Martin v. Serice, 200 La. 556, 8 So.2d 538 (1942).
*658 In consideration of the -fact that one of the links in plaintiff’s chain of title rests upon a judicial sale of the property foreclosing a mortgage, we find the recent case of Wainer v. Zor, Inc. (4th Cir., 1964), La.App., 161 So.2d 378, particularly appropriate.
We note an additional attack upon the nullity of the tax sale asserted by plaintiff upon the ground that the taxes were not assessed at a regular meeting of the Bossier City Council. We pretermit consideration of this point in view of our conclusion that the principle above stated conclusively disposes of the case.
Counsel for defendants-appellants somewhat ingeniously argues that if plaintiff is the successor in title to the original tax debtor, she has no cause of action, and if she is the successor in title of the record owners who did not receive notice of delinquency, she has no right of action. This appears to be an effort to impale plaintiff upon one or the other horn of a dilemma which, in reality, does not exist. Plaintiff has set out the title which deraigns from the record owner at the time of the assessment of the tax through the record owner at the time of the issuance of notice of delinquency, and since this action properly raises the issue of nullity of the tax sale under which defendants claim, it is clear that counsel’s argument is without merit.
It is also argued that the holder of the mortgage which was foreclosed and whose rights passed to plaintiff is precluded from attacking the tax sale by reason of failure to attempt to redeem the property within the three-year redemptive period. The case of Wood v. Zor, Inc. (4th Cir., 1963), 154 So.2d 632, makes the clear distinction between the three-year redemptive period and the five-year prescription against an attack upon the validity of a tax sale. We think it clear that after the expiration of three years this plaintiff was deprived of the right of redemption but retained the absolute right to assert the nullity of the tax sale within the period of five years.
For the reasons assigned the judgment appealed from is affirmed at appellants’ cost. Pursuant to statutory requirement with respect to judgments affecting title to real property, we repeat the following portion of the judgment:
It is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Mrs. Birdie Brannon Finley, and against the defendants, Metz Abbitt and Lucille Holley, recognizing said plaintiff to be the owner of that certain tract or parcel of land, together with all buildings and improvements situated thereon, located in Bossier City, Bossier Parish, Louisiana, described as follows:
Begin at the intersection of the North line of Yarborough Street and the East line of the Southwest Quarter of Section 20, run West along the North line of Yarborough Street 80 feet to the point of beginning; thence North 128J4 feet; thence West 40 feet; thence South 128i/¿ feet to the North line of Yarborough Street; thence East 40 feet to point of beginning; being in Section 20, Township 18 North, Range 13 West, Bossier Parish, Louisiana, and being known as municipal number 647 Yarborough Street, Bossier City, Louisiana.