The pertinent facts, which are relied upon as the basis of plaintiff's demands, are clearly and succinctly set forth in the opening paragraph of the brief of counsel for plaintiffs before this Court, which reads as follows: "This is a petitory action brought by plaintiffs as heirs of John Terrett and Georgia Terrett, deceased, claiming ownership of SW 1/4 of NE 1/4 in Section 6, Township 10 North, Range 6 West, in Natchitoches Parish, Louisiana. The trial of the case established that the defendant does not claim to own this property, and his only excuse for being on it is a lease from W.M. Payne, dated January 17, 1939, and recorded in Mortgage Book 169, page 84, wherein W.M. Payne leased him the following described property, to-wit: A certain tract of land on Clear Lake in Ward 4 of the Parish of Natchitoches, Louisiana, containing 47 acres, and being located on Campti-Clear Lake Road, known as the Bayou Road, in Section 6, Township 10 North, Range 6 West." *Page 672 
Our examination of the record bears out the statement made that defendant does not claim to own the property involved in this suit. While it does not constitute his only excuse", the record does show that defendant claims to be the lessee of one W.M. Payne under a written contract of lease.
After trial of the case the learned Judge of the District Court thought it necessary to appoint a surveyor and to have a survey made of the property involved in this dispute, and, following filing of the survey and proces verbal of the surveyor, there was judgment in favor of plaintiffs, decreeing them to be the true and lawful owners of the property described, and, as such, entitled to the full and undisturbed possession thereof.
Since it is undisputed that the party defendant in this case claims to hold the property as lessee, it appears to us that there can be no argument on the proposition that the action is governed by the plain provisions of Article 43 of the Code of Practice, which reads as follows:
"Parties defendant — Lessee's duty to declare name of lessor. — The petitory action, or one by which real property, or any immovable right to such property may be subjected, is claimed, must be brought against the person who is in the actual possession of the immovable, even if the person having the possession be only the farmer or lessee.
"But if the farmer or lessee of a real estate be sued for that cause of action, he must declare to the plaintiff the name and the residence of his lessor, who shall be made a party to the suit, if he reside in the State, or is represented therein, and who must defend it in the place of the tenant, who shall be discharged from the suit."
[1] Although defendant herein failed to declare the name of his lessor in accordance with the provisions of the article, the contract of lease was introduced in evidence and at such point in the trial we believe the Judge of the District Court should have ordered defendant's lessor made a party to this suit in order that the question of title might have been determined contradictorily with him.
[2] As we view the matter, the purpose of Article 43 of the Code of Practice is not alone to protect the lessee, but also to provide for a determination of the question of title between those parties who claim, or have a right to claim, any interest therein.
While it is true that under the facts of the instant case the defendant herein could not have been dismissed from the suit because of the nature of plaintiff's demands, it is equally true that no adequate pronouncement of title can be made without joining defendant's lessor, who certainly occupies the position of a claimant of title until he is judicially called upon to assert the same. No proper judgment as to title and ownership can be made unless the parties claimant are before the Court.
There is no assurance, under the clear facts reflected in the instant case, that defendant's lessor may not at some future date assert his claim of title to this same property, and in such case the judgment of the Court in a matter to which he was not a party would have no binding effect as against his rights or claims.
Accordingly, it is ordered that the judgment appealed from be and it is hereby annulled and set aside, and this case is now remanded to the Tenth Judicial District Court in and for the Parish of Natchitoches for further proceedings consonant with the views and opinions expressed herein. All costs of both courts shall await final judgment.