BEER, Judge.
In January, 1974, appellants, heirs of Houston L. Wood, filed suit to quiet and confirm title to property described as lots 2, 3 and 4 of Section 14 in the Third District of New Orleans. The above described tract was, apparently, part of certain property acquired, more than one hundred years pri- or, by Antoine Rovira, who died in 1871. In 1882, the Rovira property was adjudicated to the state for non-payment of taxes, but the deed contained only a very general description. Then, in 1903, the state sold (using the same description) to one Alfred Thompson.[1]
In 1916, the property (by then assessed in the name of “Heirs of A. Rovira and wife” and particularly described as lots 2, 3 and 4 of 'Sec. 14, etc.) was sold for unpaid 1913 taxes to the Third District Land Co., Ltd. In August of 1917, Third District transferred that property by quitclaim deed to Houston L. Wood (ancestor in title of plaintiffs-appellants here).
*763 In January of 1974, under the provisions of LSA-R.S. 47:2228.1, the heirs of Houston L. Wood filed a confirmation suit. Their petition prayed for the appointment of a curator ad hoc, who, after appointment, sought unsuccessfully to determine the whereabouts of the Rovira heirs, record owners of the property at the time the property was sold for unpaid 1913 taxes.
However, in March, 1973 (prior to the filing of the confirmation suit in January, 1974), the heirs of Antoine Rovira had filed a class action suit against the heirs of Houston L. Wood, alleging that the redemption of the property on August 1, 1917, by Houston L. Wood from Third District Land Company was made in his capacity as a negotio-rum gestor for the benefit of all the coheirs, Wood then being the son-in-law of one of the Rovira descendants. While that matter was pending, the heirs of Wood sought and obtained a judgment in another division of the Civil District Court confirming the title of Houston L. Wood.
Subsequently, judgment was rendered in the class action suit in another division of the Civil District Court to the effect that the redemption by Houston L. Wood was for the benefit of the tax debtors, and that particular trial court judgment was affirmed by us in Dufour, supra.
In May, 1975, the heirs of Antoine Rovira sought to nullify that Civil District Court judgment which confirmed the tax deed of Houston L. Wood, alleging that the heirs of Antoine Rovira residing in Louisiana were never served and that the court lacked jurisdiction to proceed contradictorily with the curator. The Civil District Court judge before whom those proceedings were heard nullified the confirmation judgment, concluding (with oral reasons) that there had been less than a diligent effort made to locate the heirs of Antoine Rovira.
Wood’s heirs appeal.
The heirs of Antoine Rovira residing in Louisiana were not cited and served in the confirmation proceeding. Appellants contend that the appointment of the curator ad hoc was the appropriate procedure according to LSA-R.S. 47:2228.1(A and C) and C.C.P. arts. 5091 and 5251. They contend that the whereabouts of the heirs of Antoine Rovira were unknown as contemplated by R.S. 47:2228.1 and by C.C.P. art. 5251.
The record indicates that the heirs of Houston Wood were represented by the same attorney in the confirmation proceeding and in the collateral class action suit filed by the heirs of Antoine Rovira. At the hearing on the nullity action which is before us here, Woods’ attorney testified that- he did have knowledge that certain Louisiana residents were claiming to be the heirs of Antoine Rovira and, further, that at the time he petitioned the court for the appointment of a curator, he was aware of a judgment of possession in Succession of Laure Rose Klar, wife of Antonio Rovira, which recognized certain heirs as the children of Antonio or Antoine Rovira, apparently putting them in possession of certain undivided interests in the property in question.
In Garry v. Zor, Inc., 181 So.2d 828 (La. App. 4th Cir. 1966), a successful action in nullity was based on the contention that the curator ad hoc was without authority to represent heirs who were not, in fact, absentees, and in Succession of Scardino, 215 La. 472, 40 So.2d 923, 925, the ‘absentees’ did not meet the definition set forth in LSA-C.C.P. 5251 and the appointment of a curator ad hoc to represent them was, accordingly, unauthorized. Quaker Realty Company, Limited v. O’Rourke, 9 Orl.App. 237 (1912), stands for the proposition that a former owner cannot be said to be unknown when both his identity and residence could be readily established by the use of reasonable diligence or by resort to ordinary means of inquiry.
Thus, we believe that appellants’ reliance on Warner v. Garrett, 268 So.2d 92 (La.App. 1st Cir. 1972), is misplaced. There, the suit for nullity contained no allegation that the appointment of a curator was improper under C.C.P. art. 5091 and R.S. 47:2228.1. Here, appellees’ petition for nullity is based upon that very allegation. Furthermore, the curator has, here, acknowledged that he was aware of the class action suit, and, *764 though he did not see fit to contact the Rovira heirs, he did, nevertheless, urge their attorney to intervene in the confirmation suit.
We believe that the record supports a factual finding that certain heirs of Antoine Rovira were known and accessible residents of Louisiana and were not absentees as contemplated by LSA-R.S. 47:2228.-1(A and C) .and C.C.P. arts. 5091 and 5251. Thus, the appointment of a curator ad hoc in the confirmation proceeding to represent them was inappropriate.
Since C.C.P. art. 2002 provides (in pertinent part) that:
“A final judgment shall be annulled if it is rendered:
[[Image here]]
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken;
and, further, since C.C.P. art. 1201 provides (in pertinent part) that:
“Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null . . ,”
we conclude that no valid judgment could be rendered. Thus, the judgment annulling the confirmation judgment is correct. It is affirmed.

AFFIRMED.

BOUTALL, J., concurs.

. See our opinion in Dufour v. Wood, 346 So.2d 863 (La.App. 4th Cir. 1977), writ den. 349 So.2d 881 (La.1977).