I2GOTHARD, Judge.
This is an appeal of a trial court judgment, evicting a tenant from a commercial building. For the following reasons, we affirm.
FACTS
On February 26,1988, plaintiff, Manhattan Square Shopping Center, a Louisiana Partnership in Commendam (hereafter, Manhattan), executed a written “Lease of Commercial Property (Gross)” with defendant, Diana Roque, to operate a dry cleaners and washateria at 903 Manhattan Boulevard, Suite C-l,[1] in Harvey, Louisiana. The term was for nineteen months, commencing March 1, 1988, and the rent was set at a flat rate of $1,800.00 per month. Ms. Roque apparently fell behind in the rent sometime after the commencement of the lease.[2]
|3On April 24, 1990, an attorney representing Ms. Roque sent correspondence, along with a check for rent due, to an attorney representing Manhattan. The correspondence listed a few new terms for the lease of suite C-l, including: “a) The lease is to continue on a month-to-month basis; b) The monthly rental beginning April 1, 1990 shall be $1,200.00 per month payable on the first of each month; [and] c) Ms. Roque shall have the right of first refusal on the lease of Suite C-l ...” The terms were agreed to by both Ms. Roque and representatives of Manhattan, as evidenced by their signatures at the bottom of the correspondence.
Thereafter, on October 13, 1994, Ms. Ro-que was sent correspondence from counsel for Manhattan, terminating the month-to-month lease as of October 31, 1994, and notifying Ms. Roque to vacate the premises by that date. On October 31, 1994, counsel for Ms. Roque hand delivered correspondence to counsel for Manhattan, giving notice that Ms. Roque desired to exercise her right of first refusal, and including a $1,200.00 check for the November, 1994 rent. The rent check was apparently refused.[3]
Thereafter, on November 2, 1994, Manhattan filed a “petition for eviction from commercial property” against Ms. Roque in the 24th Judicial District Court for the Parish of Jefferson, State of. Louisiana. Ms. Roque filed “exceptions of prematurity and no right/no cause of action,” asserting that her right of first refusal precluded the eviction action; she subsequently filed an answer and 14reconventional demand, asserting damages resulting from the eviction proceeding.
On November 30, 1994, the trial court held a hearing on the exceptions. At the conclusion of the hearing, the trial court overruled the exceptions and continued the hearing on the eviction until December 15, 1994. Additionally, the trial court issued the following remarks with regards to the problem posed by the month-to-month lease with a right of first refusal.
I do not see those as the same agreement. In other words, they do not appear to be contingent upon one another but, in fact, were completely separate terms from what can be gleaned from the document, itself.
What I would like to do is order that the plaintiff be given ten days to tender a right of first refusal to Ms. Roque; that Ms. Roque be given ten days to respond. At which time if she has failed to do so, I think at that point you have the right to evict her under the Louisiana lease law, which, essentially, would give Ms. Roque about 30 days.
At the December 15, 1994 hearing, Ms. Roque testified that she would accept the exact same lease executed between Manhat *856 tan and EZ Pawn Louisiana, Inc. (hereafter, EZ Pawn), for 10,000 square feet of the building at an annual rate of $6.00 a square foot, and that she would be able to operate a pawn shop there. However, she admitted that she never responded to the right-of-first-refusal offer made by Manhattan after the first hearing.
At the conclusion of the December 15,1994 hearing, the trial court ruled against Ms. Roque, ordering her to vacate Suite C-l within twenty-four hours and dismissing her reconventional demand at her cost. Ms. Ro-que thereafter brought this appeal, asserting as her errors:
I. Whether the trial court committed reversible err (sic) by denying the exception of prematurity, and no cause and no right of action on November 30, 1994.
15II. Whether the trial court committed reversible err (sic) in continuing the eviction proceedings to give appellee the opportunity to tender a right of first refusal.
III. Whether the trial court committed reversible err (sic) in granting the eviction and denying the reconventional demand for damages at the hearing conducted on December 15, 1994.
ANALYSIS
In appellant’s first assignment of error, she argues that her right of first refusal should have operated to prevent the eviction proceeding from going forward. She further argues that her right of first refusal should have been upheld by the trial court. As stated, while the trial court overruled appellant’s exceptions of prematurity and no cause/right of action, the trial court ordered Manhattan to offer Ms. Roque a right of first refusal, and granted Ms. Roque ten days to respond to it. Thus, the trial court found that Ms. Roque had a valid claim to a right of first refusal. Ms. Roque was not harmed by the trial court’s November 30, 1994 ruling because she was granted the relief she prayed for—Manhattan was ordered to make Ms. Roque an offer pursuant to the right of first refusal before any evidence or testimony on the eviction was heard.[4] Therefore, appellant’s argument on this assignment has no merit.
In appellant’s second assignment of error, she argues that “[f]or the above and foregoing reasons, it is clear from the record that the court was totally without authority to provide appellee an opportunity to correct and/or clear the vices and defects in the proceeding which served as the basis of the exceptions.” Appellant offers no statutory or jurisprudential support for her contention that thejgtrial court was without authority to continue the proceedings so that appellant’s right of first refusal could be exercised. Furthermore, appellant ignores the fact that although she had a right of first refusal, her lease was only month-to-month.
LSA-C.C. art. 2686 provides in pertinent part that when the term of a lease is month-to-month, “the party desiring to put an end to it must give notice in writing to the other, at least ten days before the expiration of the month, which has begun to run.” The record reflects that Ms. Roque was given adequate notice. Because of the nature of the term of her lease, she could not assume that because she had a “right of first refusal,” she could remain in Suite C-l in perpetuity. The right of first refusal granted Ms. Roque the opportunity to match a subsequent offer made by a third party to lease Suite C-l.[5] As stated, pursuant to the trial court’s November 30, 1994 order, Manhattan offered Suite C-l to Ms. Roque under the same terms and conditions as it offered it to EZ Pawn. Ms. Roque failed to timely accept it.
In appellant’s final assignment of error, she argues that she did not receive the lease executed between Manhattan and EZ Pawn until after the ten day period for responding to Manhattan’s offer had expired, and that the offer she received from Manhattan pursuant to the right of first refusal was *857 significantly different from the lease executed between Manhattan and EZ Pawn.
At the December 15, 1994 hearing, it was revealed that counsel for Manhattan faxed a copy of the proposed lease for Suite C-l between Manhattan and Ms. Roque to counsel for Ms. Roque on December 2, 1994. Additionally, counsel for Manhattan agreed to furnish a copy of the EZ Pawn-Manhattan lease 17S0 that Ms. Roque could compare the terms of both if Ms. Roque executed a confidentiality agreement with regards to the EZ Pawn-Manhattan lease. Ms. Roque failed to execute the confidentiality agreement until December 14, 1994, one day prior to the hearing, but two days after the ten day term for acceptance of the proposal expired. She then attempted to accept all of the terms of the Manhattan-EZ Pawn lease at the December 15th hearing.
At the conclusion of the hearing, the trial court made a factual determination that Ms. Roque’s testimony was not credible, and that because Ms. Roque failed to timely exercise her right of first refusal, she had no claim to dispute the eviction. The trial court therefore granted the eviction, and also denied Ms. Roque’s reconventional demand.
It is well settled that a court of appeal may not set aside a trial court’s findings of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State through DOTD, 617 So.2d 880, 882 (La.1993). With regard to the eviction, Ms. Roque testified about the reasons why she did not accept, reject, make a counteroffer, or ask for an extension of time to answer Manhattan’s December 2nd proposal. However, she could not deny that she failed to timely accept it. With regard to the reconventional demand, Ms. Roque also testified that she incurred various expenses prior to and subsequent to the eviction proceedings. However, she failed to offer any proof beyond her testimony that she incurred the expenses and/or why Manhattan was responsible for them. As stated, the trial court determined that Ms. Roque’s testimony lacked credibility. After a thorough review of the entire record, we cannot say that the trial court was manifestly erroneous in its determination.
|8For the foregoing reasons, the trial court’s judgments denying defendant’s exceptions, granting plaintiffs eviction and denying defendant’s reconventional demand are hereby affirmed.
AFFIRMED.

. Suite C-l encompasses approximately 1,950 square feet.

. It is unclear from the record when Ms. Roque fell behind in the rent and/or whether one or hoth of the renewal options listed in the lease were exercised. However, neither of these questions is pertinent to the issues before us today.

. On June 6, 1994, Manhattan executed a "Gross Commercial Lease Agreement” with EZ Pawn Louisiana, Inc., to operate a pawn shop at 903 Manhattan Blvd. The lease encompassed 10,000 square feet, including the portion of the properly being leased by Ms. Roque (Suite C-l).

. On appeal, Ms. Roque does not argue that ten days was too short a period to respond to the right of first refusal.

. For a discussion of rights of first refusal (concerning sales), see Jones v. Hospital Corp. of America, 516 So.2d 1175, 1177 (La.App.2d Cir. 1987).