776 So.2d 1223 (2000)
Patricia Davis MINVIELLE
v.
Reynolds Raphael MINVIELLE.
Nos. 00-CA-1039 to 00-CA-1041.
Court of Appeal of Louisiana, Fifth Circuit.
November 15, 2000.
Writ Denied February 9, 2001.
*1224 Michael J. Bourquard, New Orleans, Louisiana, Attorney for Plaintiff/Appellant.
Harold E. Dearie, II, Dearie & Killian, Metairie, Louisiana, Attorney for Defendant/Appellee.
Panel composed of Judges JAMES L. CANNELLA, CLARENCE E. McMANUS and H. CHARLES GAUDIN, Pro Tem.
McMANUS, Judge.
Plaintiff, Patricia Davis-Minvielle, appeals from a judgment ordering her to execute the necessary documents and to be present for the "closing" as required to sell a piece of former community property which she owns in indivision with defendant, her ex-husband. We affirm the decision of the trial judge.
Appellant and defendant were divorced by judgment rendered on July 14, 1988. Thereafter, the parties sought to partition the community of acquets and gains that existed between them. On October 29, 1996, the parties entered into a consent judgment partitioning the community property. The judgment included the following:
A. Immovable Property
The parties have agreed that the immovable property designated as LOT 1, SQUARE 2, UNIT 1, SECTION D of PONTCHARTRAIN GARDEN SUBDIVISION, Parish of Jefferson, State of *1225 Louisiana, is to be owned in indivision by the parties hereto, who have also agreed not to partition this property for a period of fifteen (15) years from this date. [Kent/Yale property].

* * *
In February of 1999, Mr. Minvielle filed a rule to show cause why community property held in indivision, namely the Kent/ Yale property, should not be listed with a commercial property real estate broker. On May 20, 1999, the trial court rendered judgment ordering that the property in question should be appraised and listed for sale at its fair market value as of that date. The trial court appointed Max Rodi of Re-Max affiliates to appraise and list the property.
On September 20, 1999, Mr. Minvielle filed a rule to show cause why plaintiff should not accept an offer made on the Kent/Yale property. On October 14, 1999, the trial court rendered judgment against Mrs. Minvielle, ordering her to execute all documents and be present and the time and place for the closing, as required to sell the property.
Mrs. Minvielle appeals from that judgment. In her appeal, she alleges that the consent judgment of November 20, 1996, which states that the parties shall not partition the property for fifteen years, prohibited the May 20, 1999 judgment on the grounds of res judicata.
Initially, we note that no exception of res judicata was filed in the trial court. La. C.C.P. art. 2163 gives the appellate court the discretion to consider a peremptory exception filed for the first time in that court, "if pleaded prior to the submission of the case, and if proof of the ground of the exception appears in the record." However, appellant only raises this issue in brief to this Court, and had not specifically pled this exception by motion to this Court. This Court has held that the exception of res judicata, which must be specifically pleaded, La. C.C.P. art. 927, "must be presented in a formal pleading and cannot merely be argued in brief." Robertson Roofing & Siding, Inc. v. Greenberg, 96-107 (La.App. 5 Cir. 5/28/96), 693 So.2d 158, 159; writ denied, 96-2011, 96-2018 (La.11/8/96), 683 So.2d 270, 271. Because Mrs. Minvielle did not file an exception of res judicata, this issue is not properly before us.
We further find that the agreement between the parties, which provides that the former community property shall not be subject to partition for fifteen years, is an absolute nullity, and therefore unenforceable. La. C.C. art. 2369.8 specifically provides that:
A spouse has the right to demand partition of former community property at any time. A contrary agreement is absolutely null.
If the spouses are unable to agree on the partition, either spouse may demand judicial partition which shall be conducted in accordance with R.S. 9:2801.
We find appellant's argument, which is that the May 1996 consent judgment and the agreement between the parties operate to prevent the sale of the property at issue, to be without merit.
Appellant in brief argues in the alternative that the trial court erred in failing to find that she exercised her right of first refusal, and in ordering her to go to an act of sale which would sell the property to a third party.
Mr. Rodi testified that he received several offers for the Kent/Yale property, with a high offer of $350,000.00 from Mr. and Mrs. Brown, tenants of the property. Appellant placed her signature on the agreement to purchase and sell, with a written statement that she was exercising her right of first refusal within five days. She presented a check for the deposit of earnest money, and contacted a bank to obtain the necessary funding. Subsequently, Mr. Rodi received a letter from appellant's agent/attorney advising him that the bank would not lend the money *1226 and requesting return of the deposit. Mr. Rodi attempted to return the deposit; however, appellant would not sign the release form.
Mr. Brown testified that he and his wife were ready to go to act of sale, with no conditions, for the amount of $350,000.00.
The trial judge considered the evidence presented and found that appellant exercised her right of first refusal, but was not successful in obtaining the financing necessary to purchase the property, and he ordered that the property be sold and that appellant execute the necessary documents to effect the sale. A Court of Appeal may not set aside a trial court's findings of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State through DOTD, 617 So.2d 880, 882 (La. 1993); Manhattan Square Shopping Center v. Roque, 95-189 (La.App. 5 Cir. 10/31/95), 663 So.2d 854. Based on the record, we see no manifest error in the findings of the trial court.
Mr. Minvielle requests that this Court award damages and attorney's fees for frivolous appeal. He failed, however, to appeal or to answer the appeal, therefore we cannot consider his request. Seagers v. Pailet, 95-924 (La.App. 5 Cir. 5/15/96), 680 So.2d 46; writ denied, 96-2730 (La.1/6/97), 685 So.2d 117.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against the appellant.
AFFIRMED.
CANNELLA, J., CONCURS WITH REASONS.
CANNELLA, J., concurring with reasons.
I concur in the result reached by the majority that the trial court ruling should be affirmed. I agree that the Res Judicata exception was not properly pled. However, I do not find that La. C.C. art. 2369.8 is applicable to the facts of this case. Rather, I find that the instant appeal has no merit because Appellant is attempting to appeal the May 20, 1999 judgment, which has become final, rather that the October 14, 1999 judgment, which executes the May 20, 1999 judgment. Accordingly, I concur.