907 So.2d 131 (2005)
UNION PLANTERS BANK, National Association
v.
COMMERCIAL CAPITAL HOLDING CORPORATION, Patrick M. Haney, Mark M. Byouk, National Union Fire Insurance Company of Pittsburgh, Pa and American International Specialty Lines Insurance Company.
No. 2004 CA 1520.
Court of Appeal of Louisiana, First Circuit.
March 24, 2005.
*132 Phillip W. Preis, Charles M. Gordon, Jr., Crystal D. Burkhalter, Baton Rouge, for Appellants, Commercial Capital Holding Corporation and Healthcare Capital Management, Inc.
William E. Steffes, Gary K. McKenzie, Baton Rouge, for Appellees, Allstate Insurance Company and Allstate Indemnity Company.
Brent B. Barriere, New Orleans, H. Alston Johnson, III, Baton Rouge, for Appellees, State Farm Indemnity Company and State Farm Mutual Automobile Insurance Company.
Mark D. Mese, Baton Rouge, for Appellee, Union Planters Bank, National Association.
George D. Fagan, Angelina Christina, New Orleans, for Appellees, National Union Fire Insurance Company of Pittsburgh, PA and American International Specialty Lines Insurance Company.
David S. Rubin, Baton Rouge, for Appellee, Postlethwaite & Netterville (APAC).
Patrick W. Gray, Lafayette, for Appellees, Prudential Property & Casualty Insurance Company and The Prudential Property and Casualty New Jersey Holdings, Inc.
Robert J. Young, III, Metairie, for Appellees, The Ohio Casualty Insurance Company and Ohio Casualty of New Jersey, Inc.
John B. Davis, II, Baton Rouge, for Appellee, New Jersey Manufacturers Insurance Company.
Russell L. Dornier, Baton Rouge, for Appellee, Mark M. Byouk.
Before: CARTER, C.J., PETTIGREW, and McDONALD, JJ.
CARTER, C.J.
This is an appeal of a trial court judgment sustaining a peremptory exception raising the objection of res judicata in favor of Allstate Insurance Company and Allstate Indemnity Company (Allstate).

FACTS AND PROCEDURAL HISTORY
One of the defendants in this case, Commercial Capital Holding Corporation (CCHC), filed a third party demand against Allstate and, among others, State Farm Indemnity Company and State Farm Mutual Automobile Insurance Company (State Farm). Both Allstate and State Farm excepted to the third party demand. State Farm raised multiple objections, including one of res judicata, which the trial court sustained and which is the subject of a companion appeal bearing docket number 2004CA0871, Union Planters Bank v. Commercial Capital Holding Corp., 907 So.2d 129, 2005 WL 676408 (2005). Allstate raised objections of failure to plead fraud with particularity, failure to name necessary and indispensable parties, no right of action and no cause of action. Allstate did not raise an objection of res judicata.[1]
Later, State Farm filed a summary brief that addressed its objections, including the objection of res judicata. Allstate also filed a summary brief, which stated:
[Allstate] ... hereby adopt[s] the position and reasoning of [State Farm] asserted in the Summary Brief of [State Farm], filed on November 17, 2003, regarding the Exceptions to the Third Party Demand of [CCHC].

*133 Allstate asserts all arguments and reasoning therein on Allstate's behalf, with the exception of the arguments that relate to the declinatory exception of lack of personal jurisdiction asserted by State Farm.
The trial court held a hearing on the issue of res judicata on December 15, 2003. Several parties participated in the hearing; however, State Farm and CCHC presented the majority of the argument on the issue. Counsel for Allstate did not present any argument. The trial court took the matter under advisement then issued written reasons for judgment and a judgment sustaining the peremptory exception raising the objection of res judicata urged by State Farm.
Allstate then filed with the trial court an ex parte motion for entry of judgment on its peremptory exception raising the objection of res judicata. In that motion, Allstate contended that it raised an objection of res judicata through its Summary Brief and that its exception was taken up along with State Farm's exception at the hearing held December 15, 2003. Allstate explained that at the hearing, its counsel waived oral argument and deferred to and adopted the argument presented by counsel for State Farm. Allstate urged the trial court to enter judgment on the issue of res judicata in its favor, as the trial court had done in State Farm's favor, stating:
Upon January 13, 2004, this Honorable Court entered a judgment granting the Exception of Res Judicata in favor of State Farm only. However, the written Reasons for Judgment issued by the Court upon that date specifically refers to all of the third party insurer defendants and not State Farm only and clearly appears to be intended to support judgment in favor of all of the insurers. For that reason Allstate believes that the failure to include it and the other third party insurer defendants in the judgment on the peremptory exceptions of res judicata was inadvertent.
The trial court subsequently entered a judgment in Allstate's favor, sustaining a peremptory exception of res judicata and dismissing CCHC's claims against Allstate.[2] CCHC now appeals.

DISCUSSION
Like the objection of prescription, the objection of res judicata must be specially pleaded; a court cannot supply it. LSA-C.C.P. art. 927. The objection must be presented in a formal pleading and cannot be injected as an issue solely by brief or oral argument. Cf. Bergeron v. Houma Hospital Corporation of the Sisters of St. Joseph, 514 So.2d 1192, 1195 (La.App. 1 Cir.1987), writs denied, 517 So.2d 812 (La.1988). The fact that Allstate's status in this case is that of a third party defendant does not except it from these requirements. See LSA-C.C.P. art. 1111.
The record before us reflects that Allstate did not file any formal pleading raising the objection of res judicata. Rather, it attempted to raise the objection in a brief that adopted the res judicata arguments presented in the brief of another party. This does not satisfy LSA-C.C.P. art. 927's requirement that the objection of res judicata be specially pleaded.
As is the case with an objection of prescription, a trial court errs in deciding that a case is barred by res judicata where no plea of res judicata has been filed. See LSA-C.C.P. art. 927; Hayes v. Hayes, 607 So.2d 3, 5 (La.App. 2 Cir.1992). Since Allstate did not properly plead the objection of res judicata, the trial court erred in *134 rendering a judgment in its favor sustaining an objection of res judicata. Accordingly, the trial court's judgment of March 30, 2004, must be and hereby is reversed.

CONCLUSION
For the foregoing reasons, the trial court judgment sustaining the peremptory exception raising the objection of res judicata in favor of Allstate is reversed. Costs of this appeal are assessed to Allstate.
REVERSED.
PETTIGREW, J., concurs and assigns reasons.
PETTIGREW, J. concurring.
I respectfully concur with the majority in their finding that Allstate must raise the issue of res judicata through a formal pleading. However, I also have serious concerns as to whether Commercial Capital Holding Corporation has a right of action against Allstate pursuant to LA. Code Civ. P. art. 927; but I will leave this issue for another day.
NOTES
[1] We note that the rule to show cause signed by the trial judge erroneously ordered CCHC to show cause why the objection of res judicata should not be granted.
[2] There is no indication in the record that the judgment was rendered after any type of hearing and thus, appears to have been rendered ex parte, as requested.