FREDERICKA HOMBERG WICKER, Judge.
|2This is a concursus proceeding brought by Sam J. Chauppette, the judicial liquidator of T.P. Homes Inc. — the dissolved corporation. It involves the amounts owed to the shareholders — appellant Billy M. Taylor and appellee Vincent J. Pervel— from the corporation’s remaining assets. Mr. Chauppette invoked the concursus proceeding whereby he deposited $24,471.39, the disputed funds, into the registry of court. After sustaining exceptions of res judicata, peremption, and prescription, the trial judge dismissed the concursus. He distributed the funds on deposit equally between Mr. Taylor and Mr. Pervel in accordance with the court’s prior August 19, 2002 judgment ordering equal disbursement. Mr. Taylor now appeals. He does not argue that the 2002 judgment lacks res judicata effect to the present suit. Instead, he argues that the exceptions were not properly before the court and the exceptions of prescription and peremption lack merit. Finding that the exception of res judicata was properly before the court, we affirm.
Procedural History
On June 18, 2002, Mr. Chauppette, the judicial liquidator of the corporation, filed an application for approval to finalize the liquidation and distribution of corporate assets. The matter was heard on August 19, 2002. Mr. Pervel, Mr. |sTaylor, and the liquidator were present. The court, after considering the evidence, pleadings, and arguments of counsel, rendered judgment that date. The court ordered that the corporation be dissolved. It further ordered equal distribution of the remaining assets to the shareholders as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that after paying the balance of any fees and cost [sic] associated with these liquidation proceedings that the remaining assets of the corporation be paid in equal shares to BILLY M. TAYLOR and VINCENT PERVEL after receipt of a Certificate of Dissolution from the Secretary of State’s office and the filing of the certificate in the records of the Recorder of Mortgages for the Parish of Jefferson.
Approximately nine months later, Mr. Chauppette invoked the present concursus proceeding. He asserted that Mr. Pervel and Mr. Taylor could not agree as to the division of the proceeds.
*509 Mr. Pervel filed an answer in which he asserted, among other things, that a con-cursus proceeding was unnecessary. He stated:
It is the position of [Mr. Pervel] that all claims were either litigated in the trial of this matter, were resolved during the liquidation proceedings, or have prescribed.
[[Image here]]
AND FURTHER ANSWERING, Vincent J. Pervel avers that a concursus is unnecessary, in that the Order of this Honorable Court rendered on August 19, 2002 already establishes that all assets of [the corporation] are to be paid in equal shares to Billy M. Taylor and Vincent J. Pervel.
Mr. Pervel asked that his “answer and affirmative defenses be deemed good sufficient, and that after due proceedings ... that [the court] follow its judgment of August 19, 2002, dividing all remaining funds of [the corporation], in equal shares between Billy M. Taylor and Vincent J. Perv-el[.]”
Mr. Pervel also submitted a trial memo in which he attached the August 19, 2002 judgment. He attached a certified copy of the Secretary of State’s dissolution of the corporation, showing that it was filed into the records of the Recorder of Mortgages on September 24, 2002. He argued that according to the attached 14documents, all of the conditions set forth in the August 19, 2002 judgment had been met. Thus, the only remaining matter was disbursement of the remaining assets in equal shares to Mr. Taylor and Mr. Pervel in accordance with that judgment.
He stated that the matter was set for trial but no trial was necessary. He asserted that the 2002 judgment had never been appealed and was now final. Furthermore, he asserted that all claims between Mr. Pervel and Mr. Taylor were previously resolved or had long since prescribed. He asked the court to simply order the disbursement of the registry funds in equal shares to Mr. Taylor and Mr. Pervel.
The matter was heard on December 13, 2007. Mr. Taylor’s counsel first asked the trial judge if he could urge an exception and the judge agreed. Mr. Pervel’s counsel did not object. Mr. Taylor’s counsel argued the exception of res judicata based on the 2002 judgment ordering equal disbursement of the remaining assets. The 2002 judgment and underlying pleadings were admitted into evidence without objection.
Counsel also argued that many issues were dealt with at a former trial of the matter and thus formed an additional ground for the exception of res judicata.[1] However, he did not introduce evidence on the additional ground. Counsel next argued exceptions of prescription and per-emption.
In concluding, counsel asked the court to enforce its earlier judgment of August 19, 2002.
|sCounsel for Mr. Taylor argued that the matter was not prescribed or perempted. In addition, he argued that because Mr. Taylor was still owed money as a result of certain loans, he was entitled to all of the funds on deposit.
*510 The trial judge stated that he previously heard all of these matters in 2002 and that he had already ruled on the issue. He sustained the exception of res judicata. As a result, he would divide the funds equally between the parties as previously ordered. After the oral ruling, Mr. Taylor’s counsel proffered documents to allegedly show that his client was still owed reimbursement for loans. Mr.Pervel’s counsel objected to any of the proffered items.
Seven days later, the trial judge rendered a written judgment dismissing the concursus petition on the grounds of res judicata, peremption, and prescription. He ordered that the funds on deposit be divided equally between Mr. Taylor and Mr. Pervel in accordance with the August 19, 2002 judgment.
Analysis
Mr. Taylor assigned three errors: (1) The trial judge erred in summarily conducting a concursus proceeding. (2) Exceptions of prescription, peremption, and res judicata were not presented to the trial court in written pleadings and should not have been heard. (3) The trial judge erred in finding that the matter was per-empted.
Because we find that the exception of res judicata was properly before the court, we pretermit a discussion regarding the exceptions of prescription and peremption.
| «Res Judicata
The doctrine of res judicata is set forth in La.R.S. 13:4231, which provides as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Based on the language of the above statute, the Supreme Court has established the following five elements that must be satisfied for a finding that a second action is precluded by res judicata: “(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.” Burguieres v. Pollingue, 02-1385, p. 7 (La.2/25/03), 843 So.2d 1049, 1053. Since the 1990 amendment to the res judicata statute, the Supreme Court considers the “chief inquiry” to be “whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first 17action.” Chevron U.S.A., Inc. v. State, 07-2469 (La.9/8/08), 993 So.2d 187, 194 (citing Bur-guieres ).
La.C.C.P. art. 924 provides:
*511 All exceptions shall comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861. They shall set forth the name and surname of the exceptor, shall state with particularity the objections urged and the grounds thereof, and shall contain a prayer for the relief sought.
Res judicata may be raised through the peremptory exception. La. C.C.P. art. 927(A)(2). La.C.C.P. art. 921 pertinently provides that an exception is a means of defense used to defeat the demand. Exceptions must be in written form and comply with the forms of pleadings. Nguyen v. Fok, 03-744, pp. 7-8 (La.App. 5 Cir. 2/23/04), 867 So.2d 844, 848 (citing La.C.C.P. art. 924). The peremptory exception must be specially pleaded. La.C.C.P. art. 927(B). It may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision. La.C.C.P. art. 927(B). When it is pleaded before or in the answer, a peremptory exception shall be tried and decided in advance of trial. La.C.C.P. art. 929(A).
In the present case, Mr. Pervel filed a combined answer and affirmative defense, objecting to the concur sus proceeding. Although he did not formerly name the exception, he nonetheless indicated that he was raising an affirmative defense to the petition on the basis that the disbursement issue had been previously litigated in the 2002 judgment. He asked the court to give effect to that judgment.
The issue here is whether these allegations, which essentially asked the court to give res judicata affect to the 2002 judgment, were sufficient to meet the requirement that the exception must be specially pleaded.
|sThe exception of res judicata must be presented in a formal pleading and cannot merely be argued in brief. Minvielle v. Minvielle, 00-1039, p. 3 (La.App. 5 Cir. 11/15/00), 776 So.2d 1223, 1225, unit denied, 00-3421 (La.2/9/01), 785 So.2d 823 (cited with approval in Levine v. First Nat. Bank of Commerce, 06-0394, p. 6, n. 4 (La.12/15/06), 948 So.2d 1051, 1056, n. 4). In addition, the exception cannot be injected as an issue solely in oral argument. Union Planters Bank v. Commercial Capital Holding Corp., 04-1520, p. 5 (La.App. 1 Cir. 3/24/05), 907 So.2d 131, 133.
In this case, however, the exception was not solely argued in briefs or in oral argument since the exception was filed in the combined answer/affirmative defense. Thus, Minvielle and Union Planters Bank do not govern this situation.
Instead, we find that the analysis expressed in Succession of Walker v. Walker, 524 So.2d 907, 910 (La.App. 5 Cir.1988) governs. In that case, the appellant complained he was prohibited from submitting evidence with regard to prescription, which he had pleaded in his answer as a defense but which he did not plead as a formal exception.
La.C.C.P. art. 865 states: “Every pleading shall be so construed as to do substantial justice.” In Walker, this court held that under Article 865, if the content of an allegation is sufficient, the allegation may be considered an exception. Also, in Cobb v. Coleman Oldsmobile, Inc., 346 So.2d 831, 833 (La.App. 1 Cir.1977), writ denied, 349 So.2d 1269 (La.1977), the First Circuit held that where a “Motion for Summary Judgment” stated all of the essential allegations for an exception of prescription and sought dismissal of the suit as prescribed, the motion should be characterized and considered as a peremptory exception of prescription. The Louisiana Supreme Court approved that holding in Alcorn v. City of Baton Rouge ex rel. Baton Rouge Police Dept., 03-2682, p. 2 *512 (La.1/16/04), 863 So.2d 517, 519 (per curiam). In Alcorn, the court recognized that “[pjleadings should be interpreted according to their true meaning and effect in order to do substantial justice, rather than interpreted according to their caption.” Id.
In Walker, however, the appellant did not comply with Article 924, which requires that the grounds for the exception must be stated with particularly. Id. It was only in his appellate brief that the appellant stated the grounds for prescription. 524 So.2d at 911.
In the present case, unlike Walker, we conclude that the content of Mr. Pervel’s allegations in his combined answer and affirmative defense were sufficient to provide the grounds of the res judicata exception with particularity. The exception was argued prior to trial on the merits, and evidence in support of the exception was introduced without objection. The trial judge considered and ruled on the exception without objection.
We hold that under the factual circumstances of this case, the exception of res judicata was sufficiently pled in Mr. Perv-el’s combined answer and affirmative defense.

Summary Disposition

Mr. Taylor argues that the trial judge erred by granting exceptions, which were never filed, and without ever holding a hearing on the concursus. And because the trial judge summarily dismissed the concursus, Mr. Taylor was deprived of his opportunity to a trial of his claim to the proceeds.
JjThe trial judge never reached the merits of the concursus because he granted the exceptions and dismissed the petition. Thus, he never summarily tried a concursus proceeding.
The objection of res judicata may be raised through the peremptory exception. La.C.C.P. art. 927(A)(2). When pleaded before or in the answer, as in the present case, “the peremptory exception shall be tried and decided in advance of the trial of the case.” La.C.C.P. art. 929(A). Therefore, since we have concluded that the exception was properly before the court, the trial judge also properly tried the exception in advance of a trial on the concur-sus.
Accordingly, for the reasons stated, the December 20, 2007 judgment is affirmed.

AFFIRMED.

. This Court previously considered an appeal involving these parties. In T.P. Homes, Inc. v. Taylor, 99-476, 99-477 (La.App. 5 Cir. 11/10/99) 759 So.2d 352 (unpublished), writ denied, 99-3465 (La.2/11/00), 754 So.2d 938, the Court affirmed a 1998 judgment, which granted a JNOV. The issue of the liquidation was not the subject of the appeal. 99-476, 99-477 at 3-4.