# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**22-198**

RAY A. BETHEL

VERSUS

BRITTANY SIMON

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 138,301
HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE

**********

**CHARLES G. FITZGERALD
JUDGE**

**********

Court composed of Billy H. Ezell, D. Kent Savoie, and Charles G. Fitzgerald, Judges.

**PEREMPTORY EXCEPTION DENIED;
REVERSED AND REMANDED.**

**Carolyn D. Deal**
**Deal Law Firm, LLC**
**2104 Cherry Palm Circle**
**New Iberia, Louisiana 70563**
**(337) 414-0260**
**Counsel for Plaintiff/Appellant:**
    **Ray A. Bethel**

**Scott M. Hawkins**
**Hawkins & Associates, LLC**
**913 South College Road, Suite 260**
**Lafayette, Louisiana 70503**
**(337) 210-8818**
**Counsel for Defendant/Appellee:**
    **Brittany Simon**

**FITZGERALD, Judge.**

The issue on appeal is whether the trial court erred in sustaining Brittany Simon's peremptory exception of res judicata resulting in the dismissal of a Petition for Protection from Abuse.

## FACTS AND PROCEDURAL HISTORY

Ray A. Bethel and Brittany Simon are the parents of an eight-year-old daughter. On December 9, 2021, Ray filed on behalf of his daughter a Petition for Protection from Abuse against Brittany. The petition requested the issuance of a protective order. And the hearing for this relief was fixed for December 21, 2021.

At the December 21st hearing—before any evidence was adduced—Brittany's attorney *orally* raised the peremptory exception of res judicata. Oversimplifying slightly, Brittany's lawyer argued that Ray had recently filed a motion to modify custody, that the custody motion was filed in a different suit (different docket number and division), that the custody hearing was held on December 7, 2021 (merely two days before the filing of the Petition for Protection from Abuse), that the same allegations of domestic abuse were adjudicated at the custody hearing, that the trial judge ruled on custody from the bench, and that a written custody judgment had been circulated to that judge for review and signing.

Brittany's counsel then supported the exception of res judicata by introducing into evidence three documents: Ray's motion to modify custody, the minutes from the December 7th custody hearing, and Ray's December 9th Petition for Protection from Abuse.

In response, Ray's attorney objected to res judicata, arguing primarily that the custody ruling had not yet been reduced to a signed final judgment.

The trial court ultimately sustained the exception of res judicata, resulting in the dismissal of the Petition for Protection from Abuse. A written final judgment was signed that same day (December 21, 2021). Ray has appealed this judgment.[1]

Interestingly, nearly four months after Ray perfected his appeal, Brittany filed in this court a peremptory exception of res judicata.

## LAW AND ANALYSIS

The general principle of res judicata is set forth in La.R.S. 13:4231, which states:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

In *Burguieres v. Pollingue*, 02-1385, p. 8 (La. 2/25/03), 843 So.2d 1049, 1053, the supreme court explained that under La.R.S. 13:4231, a second action is precluded when the following five elements are satisfied:

---

[1] The trial court's judgment also references collateral estoppel. In *Gaspard v. Allstate Ins. Co.*, 04-1502 (La.App. 3 Cir. 5/4/05), 903 So.2d 518, *writ denied*, 05-1510 (La. 12/16/05), 917 So.2d 1114, this court explained that collateral estoppel under La.Code Civ.P. art. 425 requires the same elements—and thus the same legal analysis—as res judicata. So, to avoid confusion and duplicative legal discussions, the focus of this opinion is limited to res judicata.

(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

Moreover, "The party who urges an exception of *res judicata* bears the burden of proving its essential elements by a preponderance of the evidence." *Blackburn v. Green*, 18-583, p. 6 (La.App. 5 Cir. 2/27/19), 266 So.3d 546, 551 (emphasis in original). And importantly, "The doctrine of res judicata is stricti juris; any doubt concerning application of the principle of res judicata must be resolved against its application." *Kelty v. Brumfield*, 93-1142 (La. 2/25/94), 633 So.2d 1210, 1215.

Before going further, we will address Brittany's written exception of res judicata filed in this court. While the peremptory exception of res judicata can be filed for the first time in an appellate court, proof of the ground of the exception must appear in the record on appeal. La.Code Civ.P. art. 2163. Conversely, if the grounds of the peremptory exception do not appear in the record, the exception must be denied. *Smith v. State, Dep't of Transp. & Dev.*, 04-1317 (La. 3/11/05), 899 So.2d 516.

As noted above, a final judgment is an essential element of res judicata. To this end, Brittany argues that the custody judgment from the first suit (the custody proceeding) bars the second suit (the protective order proceeding). However, the custody judgment is not part of the record on appeal. And for that reason, the exception of res judicata that Brittany filed in this court is denied.

Turning now to the merits of the Ray's appeal. On appeal, Ray asserts a single all-encompassing assignment of error: the trial court erred in granting Brittany's oral exception of res judicata.

3

The standard of review of a judgment sustaining res judicata is a mixed standard, consisting of both manifest error and de novo review. *Fogleman v. Meaux Surface Prot., Inc.*, 10-1210 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995. In other words, all factual findings are reviewed under the manifest error standard, and all questions of law are reviewed de novo. *Id*.

Here, however, the trial court did not make any factual findings in sustaining the exception of res judicata. The trial court simply concluded that the custody judgment barred the Petition for Protection from Abuse. And this, too, is a question of law. *See Morales v. Parish of Jefferson*, 10-273, p. 6 (La.App. 5 Cir. 11/9/10), 54 So.3d 669, 672 ("The res judicata effect of a prior judgment is a question of law that is reviewed de novo.")).

As discussed below, there are four legal deficiencies that make res judicata inappropriate in this case. First, the exception was orally asserted. Second, there is no final judgment of custody in the record. Third, the identity of the parties is lacking. And fourth, the identity of the subject matter is lacking.

*(1)    Form of the Exception—Must be in Writing*

Res judicata is asserted through the peremptory exception. La.Code Civ.P. art. 927(A)(2). All exceptions, including res judicata, must be in writing. La.Code Civ.P. art. 924 ("All exceptions shall comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861. They shall set forth the name and surname of the exceptor, shall state with particularity the objections urged and the grounds thereof, and shall contain a prayer for the relief sought.").

In *Union Planters Bank v. Commercial Capital Holding Corp.*, 04-1520, p. 5 (La.App. 1 Cir. 3/24/05), 907 So.2d 131, 133-34, the first circuit held that

a trial court errs in deciding that a case is barred by *res judicata* where no plea of res judicata has been filed. *See* LSA–C.C.P. art. 927; *Hayes v. Hayes*, 607 So.2d 3, 5 (La.App. 2 Cir.1992). Since Allstate did not properly plead the objection of *res judicata*, the trial court erred in rendering a judgment in its favor sustaining an objection of *res judicata*. Accordingly, the trial court's judgment of March 30, 2004, must be and hereby is reversed.

We agree with this holding. And here, the peremptory exception of res judicata was orally asserted by Brittany's attorney during the hearing on the protective order. This was improper. But the legal error occurred when the trial court sustained the exception.

### (2)    *No Final Judgment is in the Record*

While briefly addressed above, the peremptory exception of res judicata must be based on a previously-issued final judgment. La.R.S. 13:4231. As noted in the revision comments, a final judgment "disposes of the merits in whole or in part. The use of the phrase 'final judgment' also means that the preclusive effect of a judgment attaches once a final judgment has been signed by the trial court[.]" La.R.S. 13:4231 cmt. (d).

In this case, the trial court sustained Brittany's exception of res judicata in open court on December 21, 2021. This ruling was based on the preclusive effects of the custody judgment from a few weeks earlier. But on December 21, 2021, the custody judgment had not been signed by the trial judge. This was acknowledged in open court by respective counsel and the trial court. In summary, the exception of res judicata was sustained in the absence of a final judgment of custody.

To circumvent the necessity of a final judgment, Brittany introduced into evidence a copy of the minutes from the December 7th custody hearing. However, a minute entry reflecting an oral judgment that has not been reduced to writing and signed by the trial court is not a final judgment. And as explained in *Davis v. Farm*

*Fresh Food Supplier*, 02-1401, p. 3 (La.App. 1 Cir. 3/28/03), 844 So.2d 352, 354, even "[w]ritten reasons for judgment are considered to be interlocutory rulings and do not carry the finality of a judgment. Prior to final judgment, a trial court may, at its discretion, change the substance or the result of interlocutory rulings."

Very simply, Brittany has not proven that a final judgment of custody was in existence when the exception of res judicata was sustained. Thus, on the record before us, Brittany failed to meet her burden of proof as to this element of res judicata.

*(3)   No Identity of the Parties*

In *Burguieres*, 843 So.2d at 1053-54, the Louisiana Supreme Court explained as follows:

> The third requirement of res judicata is that the parties in both suits are the same. Both the civilian law and the common law mandate that there must be "identity of parties" before the doctrine of res judicata can be used to preclude a subsequent suit. This requirement does not mean that the parties must have the same physical identity, but that the parties must appear in the same capacities in both suits.

The supreme court continued:

> Thus, in both the common law and the civil law, in order for a second suit to be barred by the doctrine of res judicata, the parties must appear in the same capacities in both suits. Although not explicitly stated in the amended statute, we find the requirement in La. R.S. 13:4231 that the parties be the same in order for a second suit to be precluded by operation of res judicata retains this "identity of capacity" component. That is, under La. R.S. 13:4231 the parties are the same when they appear in the same capacities in both suits. We reach this conclusion based on the language of La. R.S. 13:4231, the history of this requirement in the law of res judicata, and the application of the doctrine in both the civil law and common law systems.

*Id*. at 1054-55.

Here, the first suit (the custody proceeding) was initiated by one parent (Ray) against the other (Brittany). Ray sought to modify legal custody. And in a custody proceeding between parents, a trial court balances the parental fitness of each party.

In contrast, the second suit (a protective order proceeding) was initiated when Ray, *on behalf of his daughter*, filed a Petition for Protection from Abuse against Brittany. In this type of suit—when filed on behalf of a minor child against a parent—the rights being balanced are these: a child's right to be protected from domestic abuse against a parent's right to raise and rear his or her child.

Without question, Ray appeared in a different capacity in the second suit (the protective order proceeding), and he could not have appeared in that capacity in the first suit (the custody proceeding). Identity of the parties is required for res judicata. Because it is lacking, the second suit is not barred by res judicata.

*(4)    No Identity of the Subject Matter*

The relevant inquiry under La.R.S. 13:4231 is "whether the second [suit] asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action." *Burguieres*, 843 So.2d at 1053. Thus, res judicata "precludes relitigation of claims and issues arising out of the same factual circumstances as a previous suit when there is a valid final judgment." *Blackburn*, 266 So.3d at 551.

Here, it is hard to tell what factual circumstances were litigated in the first suit (the custody proceeding). In other words, other than the motion to modify custody and the minute entry of December 7, 2021, there is a complete absence of evidence in the record of what was previously litigated. And the motion to modify custody alleges only the following: "The minor child was burned in her back with a hot liquid while in her mother's custody. On April 25, 2021, police were dispatched to her home where she resides with her live-in boyfriend and drugs were confiscated."

By comparison, the Petition for Protection from Abuse alleges:

November 2020. Burn on [the minor child's] back while she was in the

7

care of her mother. [The child's] mother didn't inform the emerg[ency] room or myself.

April 2021. Brittany Simon and her live-in boyfriend who's on the lease was involved in a Domestic Violence Incident where [our child] seen her mother being abused and called 911. Police arrived and found drugs in the home & issued a warrant for her boyfriend Kwasi Lewis for Child Endangerment, Domestic Abuse & various Drug Charges.

Past incidents. A burn on [the child's] back in Nov[ember] 2020. A Domestic Violence Incident in April of 2021 where [the child] seen her mother being beaten and made the 911 call and after the investigation drugs was found in the home and warrants was issued for him. She bailed him out of jail.

The Petition for Protection from Abuse further alleges that Brittany abused her daughter in the following manner: "slapped protected person" and "mental and verbal abuse."

The above comparison shows that the factual circumstances of the two cases are markedly different: in the Petition for Protection from Abuse, there are allegations of (a) witness abuse, (b) slapping, and (c) mental and verbal abuse. None of these allegations appear in the motion to modify custody. And without these allegations, there would be no basis for the relief being sought in the protective order proceeding.

In the end, the two suits lack the identity of subject matter. And this, too, is fatal to Brittany's plea of res judicata.

## DECREE

For the foregoing reasons, Brittany Simon's peremptory exception of res judicata filed in this court is denied; the trial court's judgment of December 21, 2021, is reversed in all respects; and the matter is remanded to the trial court for a hearing on the rule to show cause why a protective order should not issue. All costs of this appeal are assessed to Brittany Simon.

**PEREMPTORY EXCEPTION DENIED; REVERSED AND REMANDED.**